No. 24216.

HARLAN D. WIXSON *v.* THE PEOPLE OF THE STATE OF COLORADO.

(487 P.2d 809)

Decided August 9, 1971.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, KENNETH J. RUSSELL, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

This appeal is taken from a denial of defendant's motion to dismiss. As this motion was filed after the defendant, Harlan D. Wixson, had pleaded guilty to and was sentenced for the charge involved, the trial court elected to treat the motion as one filed pursuant to Colo. R. Crim. P. 35(b).

On March 13, 1967, the defendant Wixson was charged with the crime of forgery in the Denver District Court. At the time of the filing he was in a California penitentiary. The Denver District Attorney placed a hold order upon him and Wixson obtained a parole in California upon the condition that he return to Denver to face charges there.

Defendant then appeared in Denver District Court, by counsel, and pleaded not guilty. Thereafter, defendant again appeared by counsel at a hearing where the forgery charge against him was dropped and a new count of short check felony was filed. The new charge was one which provided for a lesser penalty than the original forgery charge.

The defendant, again with counsel present, pleaded guilty to the new charge after having been fully advised of his rights. Thereafter, he appeared for sentencing with his attorney again present. At this time he was asked if he had anything to say as to why judgment should not be pronounced against him. He offered no statement at this time.

Two months later, appearing pro se, the defendant filed a motion to dismiss, contending that he had been

denied a speedy trial. The trial court denied this motion without an evidentiary hearing. We affirm the trial court's action.

I.

■ Although this court has never spoken directly to this point, the law from other jurisdictions is clear that a plea of guilty to a charge acts as a waiver to any argument a defendant may have had concerning the denial of a speedy trial. *E.g., Fowler v. United States,* 391 F.2d 276; *United States v. Doyle,* 348 F.2d 715, *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84; *Annot.,* 57 A.L.R.2d 302, 343 [§13] (1958, Supp. 1967 & 1971). *See also Lucero v. People,* 164 Colo. 247, 434 P.2d 128. As the defendant had already pleaded guilty and had been sentenced when this motion was filed, we hold that he waived any argument he may have had concerning a denial of a speedy trial.

II.

■ The brief filed in behalf of the defendant by the Public Defender's office argues that the defendant pleaded guilty because he was promised that after he had entered his plea the trial court would consider a motion to dismiss for lack of a speedy trial. The defendant made no such allegation in his motion to dismiss and there is nothing in the record before us which could even lead to the inference that such a promise might have been made. Under these circumstances we will not consider this argument made by the Public Defender.

The judgment is affirmed.