## No. 26458

## The People of the State of Colorado v. Rita Ybarra

(547 P.2d 925)

Decided March 29, 1976.

Doyle T. Johns, Jr., District Attorney, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This appeal involves the application of the speedy trial requirement[1] in a case where deferred prosecution under the statute[2] was allowed by the

---

[1] Section 18-1-405, C.R.S. 1973 and Crim. P. 48(b).
[2] Section 16-7-401, C.R.S. 1973.

trial court. The district attorney maintains that the trial court erred when it dismissed a welfare fraud case for lack of a speedy trial. We agree and therefore reverse the judgment of the trial court.

It is unnecessary to set forth the details of this case except to state that after the defendant was charged with welfare fraud, the trial court approved deferred prosecution on the principal condition that the defendant make restitution. At the time the defendant made application for deferred prosecution, and at the time it was approved by the trial court, the defendant's counsel for the record stated "we will tender a written waiver of right to speedy trial, too." Thereupon, the trial court announced that prosecution would be deferred for a period of one year and that during this time, the defendant would be under the supervision of the probation department for the purpose of working out the "means for her to make these payments."

Over a year later, when it was brought to the attention of the district attorney that this defendant had not made any restitution payments, he sought to proceed with the prosecution of this case and set the matter for trial. Thereafter, the defendant moved for dismissal of the charge because of lack of speedy trial. Under section 16-7-401, C.R.S. 1973, it is provided that when the defendant consents to deferred prosecution, "the defendant shall execute a written waiver" of his right to a speedy trial. It was made known during the hearing on the motion to dismiss that the defendant had never filed such a written waiver with the trial court. On this basis, the trial judge held that the defendant had not waived her right to a speedy trial and he dismissed the charges against her.

The obvious legislative intent in passing the deferred prosecution statute (section 16-7-401, C.R.S. 1973) was to delay prosecution for a probationary period, which if completed satisfactorily, would then require that the charge against a defendant be dismissed with prejudice by the trial court.

In those cases where the trial court approves a defendant's application for deferred prosecution, it is the defendant alone who benefits by this procedure which may result in the dismissal of charges against him. The defendant applies for and must consent to deferred prosecution. Therefore, the period of any delay in the prosecution of the case is obviously at the instance of the defendant. Section 18-1-405(6)(f), C.R.S. 1973 of the speedy trial statute specifically states that the period of any delay in the prosecution of a case "caused at the instance of the defendant" shall be excluded in computing the time within which the defendant shall be brought to trial.

The fact that the defendant here did not execute a written waiver of her right to a speedy trial as required in the deferred prosecution statute and as she agreed to do in open court does not inure to her benefit.

On the basis of the foregoing discussion, we hold that the trial court committed error in dismissing these welfare fraud charges against this defendant.

Judgment is reversed and cause remanded for further proceedings.

MR. JUSTICE KELLEY does not participate.