## No. 79SA369

**John Baca v. The District Court in and for the County of Jefferson, First Judicial District, and The Honorable Joseph P. Lewis, One of the Judges Thereof**

(603 P.2d 940)

Decided November 5, 1979.                    Rehearing denied December 3, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Alexander Garlin, Deputy, for petitioner.

Nolan L. Brown, District Attorney, John Barksdale, Deputy, for respondents.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

This original proceeding involves three consolidated cases based upon felony theft, felony theft receiving, conspiracy, and habitual criminal charges. Defense counsel filed a petition in the nature of prohibition based upon the trial court's refusal to dismiss these charges pursuant to the speedy trial statute and rule. Section 18-1-405, C.R.S. 1973 (1978 Repl. Vol. 8). *See also* Crim. P. 48(b). We issued a rule to show cause and now discharge the rule.

The defendant was arraigned and pled not guilty to each of the substantive offenses. Shortly before trial was to commence on one of the cases, the People filed the habitual criminal counts. On January 26, 1979, defense counsel, requesting more time to prepare his defense against these additional charges, moved for a continuance. During the hearing on the motion to continue, the defendant waived his right to trial within six months for the purpose of receiving the continuance. Trial was set for July 24, 1979; however, six days prior thereto the People moved for a continuance which was granted and, over the objection of defendant, the trial was continued to August 7, 1979.

On July 30, 1979, defense counsel filed a motion to dismiss pursuant to the speedy trial statute and rule. After a hearing on the motion, the trial court entered an order denying it. It is this refusal to dismiss all charges which the defendant challenges.

The transcript of the January 26 hearing establishes that the continuance was granted at the request of the defendant. Normally this is the type of continuance which is contemplated by section 18-1-405(3), C.R.S. 1973 (1978 Repl. Vol. 8) and Crim. P. 48(b)(3).[1] The People, however, argue that this waiver was not merely an acknowledgement by the defendant of

---

[1] Both provisions state:
"If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six-months period from the date upon which the continuance was granted."

the effect of this continuance, but rather it was an unequivocal waiver of his statutory right to be tried within six months of arraignment. The defendant, on the other hand, argues that this waiver was merely an acknowledgement of a new six-month period under subsection (3) of the statute and the rule.

■ The transcript provided to us is of little help in resolving this dispute, for the defendant's waiver can best be described as ambiguous as to the issue presented. The following pertinent statements are quoted from this transcript:

"The Court: And do you waive your right to a speedy trial?
Mr. Baca: Yes, your Honor.
The Court: In these matters, so that the cases can be continued?
Mr. Baca: Yes, your Honor.
The Court: And you understand what you are doing when you waived that six-month rule? You are being tried six months from the time you enter a plea of not guilty to the charges; do you understand that?
Mr. Baca: Yes, your Honor."

Fortunately, we do not have to rely solely upon this transcript to resolve the issue. An affidavit supplied to the court by the defendant clearly states his understanding of the waiver:

"Further, it was explained to me that this continuance was for the specific period of six months and that the speedy trial statute *would commence at the end of that six month period.*" (Emphasis added.)

Under this statement, the defendant waived his speedy trial right to the extent that he need be brought to trial no later than January 24, 1980, which is six months after the end of the continuance granted on the defendant's motion. On this basis, the trial court properly denied the defendant's motion to dismiss all charges.

Rule discharged.
JUSTICE LEE does not participate.