The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Julie LUEVANO, aka Julie Sisneros, Defendant-Appellee.

No. 82SA57.

Supreme Court of Colorado, En Banc.

Sept. 12, 1983.

Rehearing Denied Oct. 11, 1983.

Norman F. Early, Dist. Atty., Brooke Wunnicke, Chief Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellee.

ROVIRA, Justice.

This is an appeal by the People, who challenge the dismissal of a theft charge against the defendant. The basis for dismissal was the trial court's finding that the defendant was denied a speedy trial pursuant to section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8). We disagree, and direct that the charge be reinstated.

I.

On December 10, 1980, Julie Luevano was charged with theft from the Department of Social Services, a class four felony. At her arraignment on December 18, she was granted leave to apply for a deferred judgment and sentence, see section 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8), and the matter was continued to January 30, 1981. On that date, the defendant entered a plea of not guilty, and trial was set for May 4, 1981.

On May 4, the district attorney advised the court that a plea bargain had been agreed to. The terms of the agreement were that the defendant would make application for a deferred judgment and sentence and, as a condition of being given a deferred sentence, pay $400 in restitution. The district attorney also stated that if the defendant did not pay the agreed amount by the time the deferred judgment was to be considered by the court, the People would withdraw consent to the deferred judgment. Defense counsel agreed with the district attorney and stated "since this is our request to apply for deferred judgment, that I believe speedy trial would be tolled from today's date until it appears on the application for deferred judgment." The case was then continued to June 10, 1981.

On June 10, defense counsel advised the court that a supplementary deferred-judgment report had been received from the Denver Probation Department recommending that the defendant be placed under the supervision of the department for four months for the purpose of beginning restitution payments and "to see how she does on that program before granting a deferred judgment." Defense counsel stated that the defendant had no objection to the proposal. The court ordered the defendant to be placed under the supervision of the department and continued the matter until October 7, 1981.

On October 7, defense counsel advised the court that the defendant had not been able to make restitution, one of the conditions of the deferred judgment plea bargain, and requested a trial date. After an off-the-record discussion, the matter was continued until October 22, 1981, and the defendant waived the running of speedy trial from October 7 to October 22.

On October 22, 1981, the trial court was informed that the defendant had not been able to make restitution. After further discussion between counsel and the court not relevant to the issues here, the court said: "[T]he defendant has waived speedy trial only up to today; so, as of today, the six month period begins to run, and I have a duty to be aware of her rights now." He then offered January 18, 1982, for trial, but this date was rejected by defense counsel because of another scheduled trial. Trial was then set for January 25, 1982.[1]

On January 20, 1982, defendant moved to dismiss the charges. She alleged that her plea of not guilty had been entered on January 30, 1981, at which time trial was set for May 4, 1981, and that her six-month speedy trial period therefore expired on July 30, 1981. Since she applied for a deferred judgment on May 4, 1981, however, the speedy trial was tolled until October 22, 1981, when speedy trial time began running again. She claimed that when the 172 days between May 4 and October 22 are added to the original July 30, 1981, deadline, speedy trial ran out on January 18, 1982.

In response, the People argued that when the provisions of section 18–1–405(3) and (6)(f), C.R.S.1973 (1978 Repl.Vol. 8), are applied to the facts of this case, speedy trial time did not begin to run until October 22, 1981. The basis for their argument was that a new six-month speedy trial period began to run on May 4, 1981, when the defendant continued the trial date in order to apply for a deferred judgment. Further, the period from May 4 to October 22 must be excluded from the six-month period because the delay was caused by the defendant.

The court granted the defendant's motion to dismiss, finding that speedy trial time expired on January 18, 1982.

## II.

■ The Colorado speedy trial statute, section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.), establishes a six-month time limit within which defendants must be brought to trial. The period runs from the date that a plea of not guilty is entered by the defendant. *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975). Subsection (3) of the statute provides, however, that if a trial date has been set and the defendant requests and is granted a continuance, the period within which the trial must take place is extended for six months from the date the continuance was granted. In addition, subsection (6)(f) provides that in computing the time within which a defendant must be brought to trial, the period of any delay caused by the defendant shall be excluded.

■ The defendant argues that she did not request a continuance when she applied for a deferred judgment and sentence. We

---

1. Although this case is decided on other grounds, we note with disapproval the conduct of defense counsel in rejecting January 18, 1982, as a possible trial date and then moving to dismiss based on the calculation that January 18 was the speedy trial deadline. In *People v. Fetty,* 650 P.2d 541 (Colo.1982), we held that when defense counsel requests a certain trial date to accommodate his schedule, the defendant in effect waives any speedy trial claims as to that date. If scheduling delays are occasioned by the defendant, he is in no position to complain. *People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964).

disagree. Our reading of the record satisfies us that the defendant in fact sought and obtained a continuance on May 4, 1981, the date first set for trial. At that time, defense counsel advised the court that the trial was to be vacated to allow the defendant the opportunity to apply for a deferred judgment. Further, since it was defendant's desire to apply for such a disposition, speedy trial would be tolled until the deferred judgment application was considered. The trial court agreed and continued the matter based on the proposed disposition. As a result, section 18–1–405(3) came into play, and the speedy trial date was extended for six months from May 4, 1981. *See People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977) (tactical decision to seek a continuance activated section 18–1–405(3) and was chargeable to the defendant); *People v. Chavez,* 650 P.2d 1310 (Colo.App.1982) (defense counsel's insistence that case could not be tried within speedy trial period was "tantamount to a request for a continuance"); *People v. Medina,* 40 Colo.App. 490, 583 P.2d 293 (1978) (granting of a continuance in order to file original proceedings resulted in six-month extension of speedy trial date).

Without more, the new speedy trial period would have expired on November 4, 1981. However, we are also of the view that the time allocable to defendant's efforts to qualify for a deferred judgment (May 4 to October 22) must be excluded from the six-month period under section 18–1–405(6)(f). The attempt to make restitution was part of the plea bargain which the defendant accepted on May 4. Any delays resulting from a defendant's attempt to meet the conditions of a plea bargain should be charged to the defendant. *Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972). This analysis comports with the exclusionary language in subsection (6)(f) and with our directive in *People v. Murphy,* 183 Colo. 106, 109, 515 P.2d 107, 109 (1973):

"In computing the time chargeable to a defendant in connection with speedy trial determinations, any prolonged lapse of time which causes a trial date to be extended, should be carefully analyzed by the trial court to ascertain what part, if any, was due to delays at the request of or for the benefit of the defendant. The time involved in such delays is properly chargeable to the defendant."

*See also Saiz v. District Court,* 189 Colo. 555, 542 P.2d 1293 (1975) (both the statute and Crim.P. 48(b) exclude delay which is caused by, agreed to, or created at the instance of the defendant).·

In a recent case with similar facts, the trial court permitted a deferred prosecution for welfare fraud on the condition that the defendant make restitution.[2] A year later, the district attorney set the matter for trial after discovering that no restitution payments had been made. The defendant moved to dismiss, claiming that the speedy trial period had expired, and the trial court agreed. We reversed on appeal and stated:

·  "In those cases where the trial court approves a defendant's application for deferred prosecution, it is the defendant alone who benefits by this procedure which may result in the dismissal of charges against him. The defendant applies for and must consent to deferred prosecution. Therefore, the period of any delay in the prosecution of the case is obviously at the instance of the defendant. Section 18–1–405(6)(f), C.R.S.1973 of the speedy trial statute specifically states that the period of delay in the prosecution of a case 'caused at the instance of the defendant' shall be excluded in computing the time within which the defendant shall be brought to trial."

*People v. Ybarra,* 190 Colo. 409, 410, 547 P.2d 925, 926 (1976).

When the 171 days between May 4 and October 22, 1981, are excluded, as required

**2.** The deferred prosecution statute, section 16–7–401, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.), is applicable prior to the entry of a plea of guilty. It permits the trial court to defer prosecution of an offense for up to two years. The deferred sentencing statute, section 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8), on the other hand, is applicable after the entry of a plea of guilty. It permits the trial court to continue the case for up to two years without entering judgment. In this case, the plea bargain envisioned restitution followed by a plea of guilty and application for a deferred judgment and sentencing.

4

by subsection 6(f), and added to the 13 days between October 23 and November 4, 1981, the six-month speedy trial period was extended to April 24, 1982. However, since April 24 was a Saturday, the last day trial could commence was on April 26, 1982. Consequently, the rescheduled trial date of January 25, 1982, fell within the proper time frame under section 18–1–405(1).

As the court of appeals noted in *People v. Medina, supra,* nothing prevents a court from applying concomitantly the exclusionary provisions of section 18–1–405(6) and the rule governing extensions in section 18–1–405(3) when it makes a speedy trial determination. *See also Sanchez v. District Court,* 200 Colo. 33, 612 P.2d 519 (1980) (court extended speedy trial period based on defendant's request for a continuance, and excluded the time which defendant spent under psychiatric examination).

The judgment is reversed with directions to reinstate the charge against the defendant.