The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Earl Lee BELL, Defendant-Appellee.

No. 82SA255.

Supreme Court of Colorado,
En Banc.

Sept. 26, 1983.

Robert R. Gallagher, Jr., Dist. Atty., Catherine DiSante, Deputy Dist. Atty., Littleton, for plaintiff-appellant.

David F. Vela, State Public Defender, Denver, Linda Hotes, Deputy State Public Defender, Brighton, for defendant-appellee.

ROVIRA, Justice.

In this appeal the People challenge the trial court's dismissal of criminal charges against Earl Lee Bell, defendant. The trial court ruled that he was not brought to trial within the six-month speedy-trial period mandated by section 18–1–405(1), C.R.S. 1973 (1978 Repl.Vol. 8). We affirm the trial court's dismissal.

## I.

The defendant was charged with aggravated robbery, third-degree assault, and

theft after an incident on July 11, 1980, in which Bell and an accomplice allegedly robbed an undercover police officer in Aurora.[1] Following a preliminary hearing on August 15, 1980, the defendant entered a plea of not guilty, and trial was set for January 5, 1981. On that date, trial was continued to March 16 to accommodate another trial in progress. The defendant signed a written waiver of speedy trial as part of this initial continuance. On March 16, Bell moved to continue the trial a second time when he discovered that the undercover police officer had been hypnotized prior to a photographic identification. The defendant again signed a written waiver of speedy trial and trial was reset for July 6, 1981.

On July 6, the parties stipulated to a third continuance of the trial. Bell did not sign a written waiver of speedy trial for this continuance, but the stipulation brought into play the rule authorizing extensions in section 18–1–405(3), C.R.S.1973 (1978 Repl.Vol. 8). As a result, the speedy-trial deadline was extended an additional six months to January 6, 1982. Bell's trial was then reset for November 16, 1981.

On November 16, the defendant accepted a plea bargain offered by the district attorney. Bell agreed to plead guilty to third-degree assault and to an added count of conspiracy to possess marijuana. In exchange, the district attorney agreed to dismiss the remaining charges. A problem arose, however, when Bell denied his guilt and attempted to enter a qualified guilty plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In that case, the United States Supreme Court held that a court may accept a guilty plea, even though the defendant proclaims his innocence, if the court is satisfied that the record sufficiently indicates guilt. The trial court in this case decided not to accept Bell's *Alford* plea without testimony in the

record bearing on the defendant's guilt. It scheduled the matter for a hearing on December 7, 1981.

On December 7, however, another trial was in progress, and the hearing on Bell's *Alford* plea was continued by minute order until February 16, 1982. The trial court later disclosed that it reset the hearing based "on an indication to the Court that a waiver of speedy trial would be forwarded to the Defendant to be executed by him." It appears that the defendant had already gone home when the district attorney asked defense counsel to submit the waiver referred to by the trial court. Defense counsel agreed to send a waiver form to the defendant, but Bell never signed or returned the document to the court.

On February 16, due to its congested docket, the trial court was still unable to conduct the hearing on Bell's *Alford* plea. The matter was continued to April 12, 1982, but before that date the defendant moved to dismiss the charges against him, claiming that the speedy-trial period had expired on January 6, 1982. The trial court agreed and dismissed the charges after noting that "[i]t is the responsibility of the Court to observe the speedy trial rule."

## II.

The speedy-trial statute, section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.), was intended to complement and render more effective the speedy-trial guarantees in *U.S.Const.* amend. VI and *Colo. Const.* art. II, sec. 16. *Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3 (1978). It provides that a defendant must be brought to trial within six months from the date a plea of not guilty is entered. If the six-month period expires, and no extensions or exclusions can be shown, the pending charges against the defendant must be dismissed. Section 18–1–405(1).

Subsections (3) and (4) of the statute govern extensions. The speedy-trial period

---

1. The district attorney also sought mandatory sentencing for a crime of violence pursuant to

section 16–11–309, C.R.S.1973 (1982 Supp.).

is extended an additional six months if the defendant requests and is granted a continuance, or if the defendant expressly agrees to a continuance requested by the prosecution. *See Baca v. District Court,* 198 Colo. 486, 603 P.2d 940 (1979); *People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977); *People v. Chavez,* 650 P.2d 1310 (Colo.App.1982). Subsection (6), on the other hand, lists certain periods of time which are excluded from the six-month computation. If the delay in bringing a defendant to trial falls within one of the enumerated categories, the speedy-trial period is effectively tolled until the delay ends. *See, e.g., People v. Ferguson,* 653 P.2d 725 (Colo.1982) (delay in order to file "interlocutory appeal" in the nature of original proceedings); *People v. Moye,* 635 P.2d 194 (Colo.1981) (delay due to defendant's voluntary unavailability); *Sanchez v. District Court,* 200 Colo. 33, 612 P.2d 519 (1980) (delay so that defendant could undergo psychiatric examination).

█ The most problematic exclusion is category (6)(f): "The period of any delay caused at the instance of the defendant." We have held that scheduling delays to accommodate defense counsel are attributable to the defendant. *People v. Fetty,* 650 P.2d 541, 544 (Colo.1982); *People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964). Similarly, delays due to efforts by the defendant to satisfy the conditions of a proposed plea bargain have been charged to the defendant. *People v. Luevano,* 670 P.2d 1, (Colo.1983); *People v. Ybarra,* 190 Colo. 409, 547 P.2d 925 (1976). The key to interpreting category (6)(f) is to determine whether the defendant caused the delay. If the delay is caused by, agreed to, or created at the instance of the defendant, it will be excluded from the speedy-trial calculation made by the court. *Saiz v. District Court,* 189 Colo. 555, 542 P.2d 1293 (1975); *People v. Murphy,* 183 Colo. 106, 515 P.2d 107 (1973).

In this case, the parties stipulated to a continuance on July 6, 1981. The effect of this continuance was to extend the speedy-trial deadline to January 6, 1982. The issue then is whether the trial court's decision to continue the hearing on Bell's *Alford* plea until February 16, 1982, represented either the granting of a new continuance, or a delay chargeable to the defendant. The first alternative need not detain us. The defendant did not request or consent to a continuance on November 16 or December 7, 1981. On both occasions, he was prepared to enter a qualified guilty plea, but the court wanted to conduct a hearing in keeping with the *Alford* opinion. The court decided to continue the matter for a hearing on December 7. On December 7, the court decided to postpone the hearing until February 16, 1982. The record reveals no requests by the defendant on either date that could be construed as "tantamount to a request for a continuance." *See People v. Chavez, supra.* Consequently, in the absence of a delay chargeable to the defendant, the critical date was, as the trial court indicated, January 6, 1982.

## III.

█ We said in *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975), that the language of section 18–1–405 is mandatory unless the period of delay fits within, or can be inferred from, one of the exclusionary provisions in the statute. On appeal, the People advance several theories which attribute the delay in this case to the defendant. First, they argue that Bell waived his right to a speedy trial on December 7, 1981. We disagree. The defendant did not sign a written waiver before leaving the courthouse on December 7. The record indicates that an off-the-record discussion was held about a waiver, but it appears that no firm agreement was reached. At best, defense counsel agreed to send a waiver form to the defendant, but this action in and of itself cannot be interpreted as a waiver of Bell's right to a speedy trial. *People v. Gallegos,* 192 Colo. 450, 560 P.2d 93 (1977). *See also Sweet v. Myers,* 200 Colo. 50, 612 P.2d 75 (1980) (every reasonable presumption against a waiver must be indulged).

The People's reliance on *People v. Ybarra, supra,* is misplaced. In that case, the defendant agreed in open court to submit a written waiver of speedy trial as required by the deferred-prosecution statute.[2] When the defendant failed to do so, and then, after failing to meet the conditions of the deferred prosecution, moved to dismiss on speedy-trial grounds, the court refused to allow the lack of a written waiver to "inure to [the defendant's] benefit."

This case is distinguishable from *Ybarra, supra,* since the defendant never promised to execute a waiver on December 7 and the applicable statute does not require a waiver. The facts here more closely resemble *People v. Gallegos, supra,* where the trial court mistakenly set a trial date beyond the six-month period and then contacted the defendant and "mentioned" the filing of a waiver. We held that the defendant's failure to respond to this suggestion did not qualify as "express consent to the delay or other affirmative conduct" as required by *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977), for a waiver of speedy trial. *See also People v. Abeyta,* 195 Colo. 338, 578 P.2d 645 (1978); *Rance v. County Court,* 193 Colo. 220, 564 P.2d 422 (1977).

■ Four weeks passed between December 7, 1981, and the January 6, 1982, deadline. The People had the responsibility to determine whether or not Bell returned the written waiver, rather than "rely" on an uncertain indication that defense counsel would attempt to gain Bell's compliance. The burden rests with the district attorney and with the trial court to insure that the time limits of section 18–1–405 are met. *People v. Peek,* 199 Colo. 3, 604 P.2d 23 (1979); *People v. Colantonio,* 196 Colo. 242, 583 P.2d 919 (1978).

The second theory advanced by the People is that the delay in bringing the defendant to trial was the result of the plea bargain which Bell accepted on November 16, 1981. The contours of this argument are as follows: While Bell could have gone to trial on November 16, he "declined to proceed" and instead chose to plead guilty to lesser charges. The plea bargain was beneficial to the defendant and, consequently, the delays that followed should be charged to him for speedy-trial purposes. While the People have not analyzed the issue of trial docket congestion in their brief, their second argument seems premised on one of two notions, either that delays due to court congestion are attributable to the defendant, or that the congestion delays in this case were somehow excusable because of the plea bargain between the parties. We reject both of these possibilities.

■ The cases which discuss docket congestion focus either on the constitutional or the statutory right to a speedy trial. Almost without exception, we have held that a speedy trial under the constitution means "a trial consistent with the court's business." *People v. Small,* 177 Colo. 118, 493 P.2d 15 (1972). The crowded condition of a court's docket is simply another factor to be considered in the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See Gelfand v. People,* 196 Colo. 487, 586 P.2d 1331 (1978). The burden is on the defendant to demonstrate that, consistent with the docket congestion, he could have been afforded a trial. *People v. O'Neill,* 185 Colo. 202, 523 P.2d 123 (1974); *Rowse v. District Court,* 180 Colo. 44, 502 P.2d 422 (1972).

■ When the statutory right is at stake, however, the analysis has been quite different. In *Carr v. District Court, supra,* we held that "chronic trial congestion does not excuse the respondents' failure to bring these petitioners to trial within the six-month time limit imposed by section 18–1–405, C.R.S. 1973." 190 Colo. at 126, 543 P.2d at 1254. We reached this conclusion because chronic trial congestion is not listed among the exclusionary provisions of section 18–1–405(6). Nor can it be inferred

---

**2.** Section 16–7–401, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.).

from any of the enumerated exceptions.[3] As a result, the fact that the trial court in this case was occupied by another trial on December 7, 1981, does not relieve the district attorney and the trial court of their joint obligation to bring Bell to trial before January 6, 1982. *See People v. Pipkin,* 655 P.2d 1360, 1361 n. 1 (Colo.1982); *Pinelli v. District Court,* 197 Colo. 555, 595 P.2d 225 (1979).

■ The People also suggest that the delays between November 16, 1981, and February 16, 1982, were due to Bell's acceptance of the plea bargain and his decision to enter an *Alford* plea. They argue that Bell chose to pursue this beneficial course and that the "subsequent [delays] were for the purpose of accepting that disposition under the terms which the Defendant wished to apply." Under the facts of this case, however, the People's argument tends to blur the distinction between the entry of a guilty plea and the decision to enter a guilty plea. A plea of guilty entered pursuant to a plea bargain acts as a waiver of the defendant's right to a speedy trial. *See Wixson v. People,* 175 Colo. 348, 487 P.2d 809 (1971). Until the guilty plea is accepted, however, the defendant's position before the court is substantially the same as it was prior to the tender of the plea, and the defendant's interest in a speedy disposition of the charge continues unabated.

The interplay between plea bargains and the right to a speedy trial has surfaced in several recent cases, but apparently never in connection with a defendant's decision to enter an *Alford* plea. We have held that

delays resulting from efforts to negotiate a plea bargain will be charged to the party seeking the disposition. *See Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972) (numerous delays while defendant negotiates a plea bargain chargeable to defendant); *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971) (delays in setting case for trial were due to prosecution's plea bargaining efforts). We have also determined that delays occasioned by a defendant's failure to satisfy the conditions of a deferred-judgment or deferred-prosecution agreement will be charged to the defendant. *See People v. Luevano, supra* (deferred judgment); *People v. Ybarra, supra* (deferred prosecution).[4]

■ In this case, we are not persuaded that the trial court's decision to conduct a hearing, or the court's congested docket when the hearing date arrived, produced delays that were "caused at the instance of the defendant." The record reveals that the defendant was not the moving force behind either of the critical delays, especially the continuance ordered on December 7, 1981. While "but for" his decision to enter an *Alford* plea, the trial court would not have decided to conduct a hearing, the fact remains that the December 7 hearing date fell within the six-month speedy-trial period. The subsequent delay due to the court's congested docket pushed the case past January 6, 1982. The trial court was responsible for these delays because of its concerns about the *Alford* plea. The district attorney was responsible for obtaining a waiver or reminding the court of the

3. *Compare* section 18–1–405(6) *with* the Uniform Mandatory Disposition of Detainers Act, section 16–14–104, C.R.S.1973 (1978 Repl.Vol. 8) (ninety-day time limit may be extended by the court "for good cause shown") and *with* section 16–11–206, C.R.S.1973 (1978 Repl.Vol. 8) (court congestion constitutes "good cause" for extending the time limit for hearings to revoke probation, applied in *People in the Interest of D.M.,* 650 P.2d 1350 (Colo.App.1982)). *See also* 17 *Ariz.Rev.Stat.Ann. Rules of Criminal Procedure,* rule 8.4 (1973–82 Supp. Pamphlet) (excludes from speedy-trial calculation certain delays necessitated by congestion of trial

calendar); *Cal.Penal Code* § 1382 (West 1982) (court may extend speedy-trial time period for "good cause" shown); *Tex.Crim.Proc. Code Ann.* § 32A.02 (Vernon 1982–83 Supp.) (excludes "any . . . reasonable period of delay that is justified by exceptional circumstances").

4. The court of appeals has dealt with deferred judgment and sentencing agreements in the speedy-trial context in *People v. Schoonover,* 654 P.2d 1340 (Colo.App.1982), and in *Alley v. Kal,* 44 Colo.App. 561, 616 P.2d 191 (1980).

speedy-trial deadline. We hold that the delays in this case are not chargeable to the defendant under section 18–1–405(6)(f) of the speedy-trial statute. As a result, the six-month time limit expired on January 6, 1982, and the trial court properly dismissed the charges against the defendant.

Affirmed.