The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Gary W. MADSEN, Defendant-Appellee.

No. 84SA35.

Supreme Court of Colorado,
En Banc.

Oct. 15, 1985.

James F. Smith, Dist. Atty., Seventeenth Judicial Dist., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Emil A. Rinaldi, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

Chris Melonakis, Denver, for defendant-appellee.

DUBOFSKY, Justice.

The People appeal from an Adams County District Court order dismissing the charges against the defendant on the ground that the statutory speedy trial period had expired. We reverse.

On September 27, 1982, the Adams County district attorney filed an information charging the defendant with one count of felony menacing. § 18–3–206, 8 C.R.S. (1978). The defendant was arraigned and pled not guilty on January 6, 1983. Trial was set for May 11, 1983. On May 11, the prosecutor informed the court that the People had reached a plea agreement with the defendant, whereby the defendant would plead *nolo contendere* to the charge of felony menacing in exchange for a sentence of probation.[1] After ascertaining that the plea was entered voluntarily and intelligently, the court accepted the plea. However, the court advised the defendant that it was not bound by the prosecutor's agreement to place the defendant on probation, and that if the court ultimately decided to reject the plea agreement the defendant would be permitted to withdraw his plea. *See* § 16–7–302(2), (3), 8 C.R.S. (1978). The court also requested that the defendant apply for probation so that the court would receive a presentence report to aid in its sentencing determination.

On July 26, 1983, the defendant appeared before the district court for sentencing. The court indicated at that time that it was inclined to reject the agreement to place the defendant on probation. The defendant requested and received a continuance in order to apply for acceptance into Loft House, a community corrections facility.[2] On August 22, the defendant again appeared for sentencing, and was once again granted a continuance because the screening committee of Loft House had not yet made a decision on his application.

On September 15, 1983, the court informed the defendant that it was rejecting the plea agreement for probation and permitted the defendant to withdraw his plea.[3] The court offered to set trial for December 14. When defense counsel indicated that he already had a trial on that day, the court offered to set trial for October 24. Defense counsel stated that that date was worse for him than the previously offered date of December 14, and the court then set trial for December 14. On December 14 the court dismissed the charge against the defendant on the ground that the statutory speedy trial period had expired on November 15, 1983. § 18–1–405(1), 8 C.R.S. (1978).[4]

Section 18–1–405(1) provides that the charges against a defendant must be dismissed if the defendant is not brought to trial on the issues raised by the complaint, information or indictment within six months from the time a plea of not guilty has been entered. However, if the defendant successfully requests a continuance after a trial date has been fixed by the court,

1. The stipulated sentence anticipated that the court would sentence the defendant to sixty to ninety days in the Adams County jail as a condition of probation.

2. The defendant sought, as a condition of probation, placement in Loft House for a period of up to one year to address the defendant's problems with excessive use of alcohol.

3. Loft House accepted the defendant. The court, in rejecting a sentence to probation, indicated it would sentence the defendant to four years to be served in Loft House if the defendant decided not to withdraw his plea.

4. The court based its ruling on our decision in *People v. Bell*, 669 P.2d 1381 (Colo.1983). Although the court did not specify how it arrived at November 15 as the speedy trial expiration date, defense counsel argued that speedy trial time commenced on January 6, 1983, that the time for bringing the defendant to trial was tolled between May 11 and September 15, and that consequently the time expired on November 15.

the speedy trial period is extended for an additional six months from the time the continuance was granted. § 18–1–405(3). Moreover, section 18–1–405(6)(f) provides that the speedy trial period is tolled during the period of any delay "caused at the instance of the defendant." Under this subsection any delay "caused by, agreed to, or created at the instance of the defendant ... will be excluded from the speedy-trial calculation." *People v. Bell*, 669 P.2d 1381, 1384 (Colo.1983).

Applying these statutory rules to the present case, we conclude that the trial date of December 14 was well within the statutory speedy trial period. Between January 6, when the defendant first entered his not guilty plea, and May 11, when the defendant entered his *nolo contendere* plea, no intervening event occurred that would toll the running of the speedy trial period or that would begin the running of a new six-month period. Therefore, 125 days of the six-month speedy trial period had expired. However, the defendant's May 11 plea significantly altered the status of the prosecution for speedy trial purposes. A guilty plea resulting in a final conviction generally waives the defendant's right to assert speedy trial claims in a collateral attack on his conviction. *Wixson v. People*, 175 Colo. 348, 487 P.2d 809 (1971). Because a plea of *nolo contendere*, like a plea of guilty, ends the prosecution and exposes the defendant to the imposition of criminal penalties, *Jones v. District Court*, 196 Colo. 261, 264, 584 P.2d 81, 83 (1978), the *Wixson* rule applies equally to pleas of *nolo contendere*. However, where the court does not accept the tendered plea, speedy trial claims are not waived because "the defendant's position before the court is substantially the same as it was prior to the tender of the plea, and the defendant's interest in a speedy disposition of the charge continues unabated." *Bell*, 669 P.2d at 1386.

In the present case, the court accepted the defendant's tendered plea but the defendant later withdrew it when the court rejected the plea agreement. Be-cause the defendant continued to face prosecution following the plea withdrawal, the accepted plea did not waive all further speedy trial claims; to rule otherwise would deprive the defendant of statutory speedy trial protection in the continuing prosecution. At the same time, the defendant's position following acceptance of the plea was not "substantially the same as it was prior to the tender of the plea," as in *Bell*. A plea of guilty or *nolo contendere* ends the obligation of the prosecutor and the court to bring the defendant to trial. *Davis v. State*, 386 So.2d 1287 (Fla.App. 1980); *State v. Barksdale*, 459 So.2d 554 (La.App.1984). Therefore, neither the prosecutor nor the court will take any further steps to ensure that the defendant is brought speedily to trial. If the period between the plea and the withdrawal of the plea were counted as part of the speedy trial period, the defendant could enter a plea near the end of his speedy trial period, wait for the period to run, and then obtain the consent of the trial court to withdraw his plea, resulting in a dismissal of the charges against him. *People v. George*, 71 Ill.App.3d 932, 390 N.E.2d 586, 587 (1979).

Because the plea tender is thus within the defendant's control and may be used to halt the progress of the prosecution at the behest of the defendant, it is appropriate to view the period between acceptance and withdrawal of the plea as both a continuance requested by the defendant under section 18–1–405(3) and a delay at the defendant's instance under section 18–1–405(6)(f). This result is suggested by a pair of recent cases examining the relation between plea tenders and statutory speedy trial rights.

In *People v. Luevano*, 670 P.2d 1 (Colo. 1983), the prosecutor informed the court on the date set for trial that he had reached a plea agreement with the defendant. Under the agreement, the prosecutor would agree to a deferred judgment if the defendant paid $400 in restitution by the time the defendant's application for deferred judgment was considered by the court. The court continued the case to permit the de-

fendant to apply for deferred judgment. The defendant failed to make restitution, and the application for deferred judgment was rejected. We held that the continuance aimed at permitting the application for deferred judgment was in effect a continuance requested by the defendant under section 18–1–405(3) and that the speedy trial period was extended for six months. 670 P.2d at 3. We also held that the delay between the announcement of the plea agreement and the rejection of deferred judgment was "caused at the instance of the defendant" within the meaning of section 18–1–405(6)(f), inasmuch as the delay was attributable to the defendant's attempt to make restitution and meet the conditions of the plea agreement. *Id. See also Maynes v. People*, 178 Colo. 88, 495 P.2d 551 (1972) (delays attendant to attempts to negotiate plea bargain attributable to the defendant).

The result of *People v. Bell*, 669 P.2d 1381, contrasts with that in *Luevano*. In *Bell*, the defendant pled guilty, but denied his factual guilt. The court refused to accept the plea and continued the case for an *Alford* hearing.[5] On the hearing date the case was once again continued because another trial was in progress. Following another delay caused by the court's crowded calendar, the case was dismissed on speedy trial grounds. We affirmed the dismissal, finding that "the defendant was not the moving force" behind the delays; rather, "[t]he trial court was responsible for

these delays because of its concerns about the *Alford* plea." 669 P.2d at 1386.

Here, as in *Luevano*, the defendant was the "moving force" behind the delay between May 11 and September 15. The prosecution was halted because the defendant had reached a plea agreement and tendered a plea that the court accepted. Therefore, like the continuance in *Luevano*, the entry of the plea here was tantamount to a request for continuance of the set trial date, and the speedy trial period was extended for six months beginning on May 11. § 18–1–405(3).[6] Moreover, the delay from May 11 to September 15 following entry of the plea was occasioned by the defendant's attempt to effectuate the plea bargain by applying for probation, so that, like the delay caused by the defendant's attempt to make restitution in *Luevano*, the delay here is attributable to the defendant and tolls the running of the speedy trial period under section 18–1–405(6)(f).[7] The continuance and delay here stand in contrast to the delay in *Bell* because the *Alford* hearing in that case was set by the court to ensure that the legal predicates for a valid guilty plea had been satisfied, while here the plea was determined to be valid. The delay in this case was simply for the purpose of permitting the defendant to gain the benefit of a sentencing concession.

We therefore hold that when the defendant entered his *nolo contendere*

---

**5.** In *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held that an express admission of factual guilt was not a constitutional prerequisite to acceptance of a guilty plea. However, the Court cautioned that a factual basis for the plea must be established in order to ensure that the defendant's avoidance of trial is a free and intelligent choice; therefore, where a defendant protests his innocence, the trial judge should inquire into factual guilt. *Id.* at 38 n. 10, 91 S.Ct. at 167–68 n. 10. In addition, Colorado Crim.P. 11(b)(6) requires that the court determine that there is a factual basis for the defendant's plea of guilty or *nolo contendere* before accepting the plea.

**6.** Because the parties understood that the court might reject the plea bargain and permit the

defendant to withdraw his plea, the defendant knew that the plea might simply delay rather than end the prosecution.

**7.** Other jurisdictions have reached the same conclusion. *Davis v. State*, 386 So.2d 1287 (Fla. App.1980) (period between court's acceptance of guilty plea and court's rejection of the plea excludable from calculation of speedy trial period); *State v. Barksdale*, 459 So.2d 554 (La.App. 1984) (guilty plea tolls speedy trial period); *Commonwealth v. Jensch*, 322 Pa.Super. 304, 469 A.2d 632 (1983) (period between acceptance and withdrawal of guilty plea excludable from calculation of speedy trial period). The defendant here concedes that the period of time from May 11 to September 15 was excludable from the speedy trial period.

plea on May 11, the speedy trial period was extended for six months under section 18–1–405(3). We also hold that the period between the entry and withdrawal of the plea (May 11 to September 15) must be excluded from computation of the new speedy trial period under section 18–1–405(6)(f). The trial date of December 14 was well within the new speedy trial period, and the district court erred in dismissing the case on speedy trial grounds. Because of this conclusion, we need not determine whether any other delays in this case are chargeable to the defendant.

Judgment reversed.