**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David J. WHITE, Defendant–Appellant.**

**No. 97CA0470.**

Colorado Court of Appeals, Division IV.

Sept. 17, 1998.

Rehearing Denied Oct. 29, 1998.

Certiorari Denied July 19, 1999.*

---

* Justice SCOTT does not participate.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Cynthia Ann Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge CASEBOLT.

Defendant, David J. White, appeals the trial court's order summarily denying his motions for post-conviction relief. We affirm. In 1991, defendant pleaded guilty to first degree sexual assault, and in 1992, he was sentenced to 24 years in the custody of the Department of Corrections (DOC). Defendant received credit for 427 days of pre-sentence confinement.

In 1997, acting pro se, defendant filed a motion seeking good time credit for the 427 days for which he had been given pre-sentence confinement credit. Defendant also filed a habeas corpus petition seeking post-conviction relief on various grounds. In addition, he filed a motion "for court transcripts" and a motion for appointment of counsel.

Treating defendant's habeas corpus petition as a Crim. P. 35(c) motion, the trial court

concluded the motion was time-barred and denied it in a written order without conducting an evidentiary hearing. The court found that defendant had made no claim of justifiable excuse or excusable neglect for the untimeliness of his motion. The court also denied defendant's separate motion for good time credit, ruling that DOC was alone responsible for awarding good time credit. This appeal followed.

## I.

Defendant argues that the trial court erred by denying his motion as time-barred without appointing counsel to assist him in establishing justifiable excuse or excusable neglect. We disagree.

Section 16–5–402, C.R.S.1997, sets forth limitation periods for the filing of collateral attacks on a judgment in a criminal case. As pertinent here, the statute provides that a defendant has three years from the date of his or her conviction to commence a collateral attack. However, the time limitation does not apply if the trial court finds that the defendant's failure to seek relief within the applicable period was the result of circumstances amounting to justifiable excuse or excusable neglect. Section 16–5–402(2)(d), C.R.S.1997.

When a defendant's motion for post-conviction relief is untimely under §16–5–402, the trial court may deny the motion without conducting a hearing if the defendant has failed to allege facts which, if true, would establish justifiable excuse or excusable neglect. *See People v. Wiedemer*, 852 P.2d 424 (Colo.1993); *People v. Xiong*, 940 P.2d 1119 (Colo.App.1997).

Here, defendant offers only one explanation for his delay in seeking post-conviction relief: ignorance of the time bar established by §16–5–402. This cannot constitute justifiable excuse or excusable neglect. *See People v. Stephens*, 837 P.2d 231 (Colo.App.1992)(criminal defendants are charged with knowledge of the time limitations contained in §16–5–402 and have a present need to challenge their convictions in a timely manner).

Defendant maintains the trial court should have appointed counsel to assist him in developing other grounds to establish justifiable excuse or excusable neglect. We disagree.

In *People v. Vigil*, 955 P.2d 589 (Colo.App.1997), a division of this court recently held that the lack of legal assistance does not amount to justifiable excuse or excusable neglect. We agree, and further conclude that a defendant's limited statutory right to post-conviction counsel does not include the right to have counsel appointed for the purpose of establishing justifiable excuse or excusable neglect, unless some factually sufficient grounds to support that assertion are appropriately alleged. *See People v. Hickey*, 914 P.2d 377 (Colo.App.1995)(limited statutory right to counsel in post-conviction proceedings exists when allegations are factually sufficient to warrant a hearing).

## II.

We also reject defendant's contention that the trial court erred by refusing to award him good time credit for the period when he was in pre-sentence confinement.

Generally, an award of good time credit accelerates a defendant's parole eligibility date. Section 17–22.5–301, C.R.S.1997, provides that good time credit is available to offenders who are serving their sentence in the DOC and also to offenders confined in institutions and facilities not part of the DOC. See *People v. Chavez*, 659 P.2d 1381 (Colo.1983). The DOC is authorized to award good time credit to an offender who "has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him...." Section 17–22.5–301(1), C.R.S.1997. However, for offenders, such as defendant, who are sentenced for crimes committed on or after July 1, 1985, the good time authorized "shall not vest and may be withheld or deducted...." Section 17–22.5–301(3), C.R.S.1997.

There is no statutory requirement that a sentencing court include on the mittimus information concerning a defendant's eligibility for good time credit for time spent in pre-sentence confinement. *See People v. Fitzgerald*, 973 P.2d 708 (Colo.App.1998); *Cf.*

*People v. McCreadie,* 938 P.2d 528 (Colo.1997)(community corrections statutes specifically require that trial court resentencing defendant after revocation either set forth good time credit eligibility information on the mittimus or attach it thereto). Although such information is often included in the mittimus, it is the DOC alone which ultimately determines whether a defendant receives and maintains good time credit.

■ On the basis of the existing record, we uphold the trial court's refusal to review the DOC's determination of defendant's good time credit. Defendant's motion did not include a time calculation sheet from the DOC setting forth what good time credit, if any, he has received. Thus, it is not even clear whether defendant has been denied the credit he seeks.

Moreover, because defendant's motion did not provide the trial court with any information concerning his behavior during the time he was in pre-sentence confinement, e.g., a pre-sentence report or a file from the county jail, the trial court had no basis for indicating to the DOC whether defendant was eligible for good time credit.

The order is affirmed.

Judge RULAND and Judge ROY concur.