The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Robert CASS, Defendant–Appellant.

No. 01CA0932.

Colorado Court of Appeals,
Div. II.

Nov. 7, 2002.

Certiorari Denied April 21, 2003.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Firm of Douglas S. Joffe, Douglas S. Joffe, Theodore B. Peak, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Robert Cass, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of forgery of a commercial check and one count of theft. Defendant also appeals his sentence as an habitual criminal. We affirm.

## I.

Defendant first argues that his statutory right to a speedy trial was violated. We disagree.

Under § 18–1–405, C.R.S.2002, a defendant has the right to be brought to trial within six months following a plea of not guilty. However, certain periods of time may be excluded from the time computation for speedy trial purposes.

Two of these statutory exclusions were applied in *People v. Madsen*, 707 P.2d 344 (Colo.1985). In *Madsen*, the defendant pleaded guilty after a trial date had been scheduled and subsequently withdrew his guilty plea because the court rejected the parties' sentence stipulation. The supreme court held that the speedy trial period was tolled during the interregnum between the entry and withdrawal of the guilty plea and that a new six-month speedy trial period began to run from the date that the defendant was allowed to withdraw his guilty plea. *See People v. Madsen, supra*, 707 P.2d at 346–48.

▬ Here, defendant pleaded not guilty on May 16, 2000, and the trial court scheduled a trial for August 21. On August 16, defendant filed a motion to continue the trial date. The court granted defendant's motion and rescheduled the trial for January 16, 2001.

On September 7, 2000, defendant pleaded guilty pursuant to a plea agreement. On that same date, the trial court vacated the scheduled trial date and sentenced defendant in accordance with the parties' agreement.

On November 13, 2000, the trial court granted defendant's motion to withdraw his plea, concluding that a material condition of the plea agreement—that defendant be allowed to serve his sentence in this case concurrently with his sentence in a Montana case—could not be implemented.

At a scheduling conference on December 19, 2000, the trial court proposed setting the trial in March 2001. Defense counsel objected to such a setting, arguing that the proposed date was outside the speedy trial period. The trial court overruled the objection and set the trial for March 28, 2001, explaining that a new six-month speedy trial period had commenced to run on November 13, the date that defendant had been allowed to withdraw his guilty plea. Defendant's trial subsequently commenced on March 28.

We reject defendant's statutory speedy trial claim. The speedy trial statute was not applicable until he withdrew his guilty plea. A new six-month speedy trial period began to run on November 13, 2000, and defendant's March 28, 2001, trial commenced well within that period. *See People v. Madsen, supra.*

In our view, the fact that defendant was allowed to withdraw his plea because the sentence stipulation contained in the plea bargain could not be implemented is irrelevant for purposes of speedy trial analysis. Occasionally, plea bargains fail because the parties agree to terms that they later realize are either contrary to statute or impossible to implement because of the actions of third parties. Although the possibility that a plea bargain will fail for impossibility of performance is not as clear a contingency as the sentence stipulation requiring trial court approval in *Madsen*, the effect of a defendant's guilty plea in both scenarios is the same: the scheduled trial date is vacated, and "neither the prosecutor nor the court will take any further steps to ensure that the defendant is brought speedily to trial." *People v. Madsen, supra*, 707 P.2d at 346. Thus, a defendant who is entitled to withdraw a guilty plea in such circumstances would gain an unfair advantage if he or she were also entitled to require the prosecution to prepare and try

the case before expiration of the remaining balance of the original speedy trial period. Accordingly, we conclude that the facts of this case do not justify departure from the holding of *Madsen*.

## II.

Defendant also argues that his constitutional right to a speedy trial was violated. However, we decline to address this claim because it was not raised in the trial court. *See People v. Scialabba*, 55 P.3d 207 (Colo. App.2002)(a defendant cannot raise a constitutional speedy trial claim for the first time on appeal).

Defendant presents an alternative claim that trial counsel performed ineffectively by not raising the constitutional speedy trial issue in the trial court. This claim should be presented, if at all, by means of a postconviction motion. *See People v. Thomas*, 867 P.2d 880, 886 (Colo.1994)(it is preferable that ineffective assistance of counsel claims be brought in Crim. P. 35(c) proceedings).

## III.

Defendant next contends that the trial court erroneously denied him the opportunity both to challenge his prior convictions and to establish justifiable excuse or excusable neglect for the untimeliness of such a challenge. In a related claim, defendant argues that the trial court erred by not appointing conflict-free counsel to assist him in challenging his prior convictions. We conclude that defendant's challenge was time barred and that his request for alternative counsel was, therefore, properly denied.

Section 16–5–402, C.R.S.2002, provides, as relevant here, that a defendant has three years from the date of conviction in which to commence a collateral attack.

If a defendant's motion for postconviction relief is untimely under § 16–5–402, then the trial court may deny the motion without conducting a hearing if the defendant has failed to allege facts that, if true, would establish justifiable excuse or excusable neglect. *People v. White*, 981 P.2d 624 (Colo. App.1998).

Here, defendant first filed a "motion for appointment of alternate defense counsel to review habitual criminal counts." As grounds for his request, defendant stated that he was represented by a deputy public defender in this case and that he had been represented by another deputy public defender when he was convicted of one of the prior offenses in 1994. The motion did not allege ineffective assistance of prior counsel, although it suggested that such a claim might be raised in the future. The trial court denied the motion, finding that defendant had failed to make specific allegations sufficient to support his request for conflict-free counsel.

Defendant next filed a motion asking the trial court to reconsider its ruling. As additional grounds, defendant alleged that the deputy public defender who had represented him in the 1994 case had told him that the conviction could not be used in the future for purposes of habitual criminal charges. The trial court reaffirmed its earlier ruling.

Defendant then filed a motion challenging the validity of the 1994 conviction. As grounds, defendant alleged that his plea was not voluntary because it was based on the erroneous advice of counsel concerning use of the conviction for habitual criminal charges. The prosecution filed a response asserting that defendant's motion was time barred pursuant to § 16–5–402, because it was filed more than three years after the conviction had entered. The trial court did not rule on the motion, and defendant withdrew it when he entered his guilty plea.

It is unclear from the record whether, after withdrawing his guilty plea, defendant renewed his motion challenging his 1994 conviction. However, it appears that he did so because the trial court addressed the issue during the habitual criminal phase of the trial. Accordingly, we shall presume the issue was preserved.

Neither defendant's motion challenging his prior conviction nor his motion seeking alternative counsel, both filed in 2000, explain why defendant failed to challenge his 1994 convic-

tion before the three-year limitations period of § 16–5–402 expired in 1997. Therefore, we uphold the trial court's finding that defendant's motion was time barred. *See People v. White, supra.*

Furthermore, because defendant's challenge was time barred and he does not suggest how, despite the fact that he is represented by conflict-free counsel on appeal, the appointment of alternative counsel would have better enabled him to establish justifiable excuse or excusable neglect, we also uphold the trial court's denial of defendant's request for alternative counsel.

The judgment and sentence are affirmed.

Judge CASEBOLT and Judge ROY concur.