**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of T.A., Juvenile–Appellant.**

No. 02CA2314.

Colorado Court of Appeals, Div. V.

March 25, 2004.

Ken Salazar, Attorney General, Jess A. Redman, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

David S. Kaplan, Colorado State Public Defender, Beth Kelley, Deputy State Public

Defender, Denver, Colorado, for Juvenile–Appellant.

Opinion by Judge PICCONE.

T.A., a juvenile, appeals from a judgment adjudicating him delinquent based on a finding that he committed acts that, if committed by an adult, would constitute two counts of the crime of menacing. We affirm.

At the initial detention hearing on July 25, 2002, the juvenile court found probable cause to support the charges, and concluded that the juvenile was a danger to himself and to the community. Accordingly, pursuant to § 19–2–508(3)(a)(IV)(D), C.R.S.2003, the court ordered that the juvenile remain in custody without bond. The People then filed a delinquency petition pursuant to § 19–2–508(3)(a)(V), C.R.S.2003.

Shortly thereafter, the juvenile court committed the juvenile to the Department of Youth Corrections (DYC) following his adjudication of delinquency in another case.

At the August 20, 2002, preliminary hearing in this case, the juvenile pleaded not guilty. Based on its determination that the sixty-day speedy trial period began to run on July 25, 2002, when the no-bond hold was issued, the court calculated that period to expire on September 23, 2002. The court then scheduled the trial to begin on September 10, 2002.

On August 30, 2002, over the juvenile's objection, the court vacated the no-bond hold, based on its conclusion that continued detention without bond in this case jeopardized the juvenile's progress in treatment in DYC in the other case. The court then recalculated the speedy trial period as beginning on August 20, 2002, the date the juvenile entered his not guilty plea, and expiring on October 21, 2002.

Because the juvenile was not transported to court for trial on September 10, 2002, the court rescheduled the trial to begin on October 9, 2002. On the first day of trial, the juvenile moved to dismiss the charges on the ground that the speedy trial period had expired on September 23, 2002. The court denied the motion and, at the conclusion of the proceeding, found that the juvenile had committed the acts alleged in the petition and adjudicated him a delinquent.

■ The juvenile's sole contention on appeal is that the court violated his statutory and constitutional rights to a speedy trial. Specifically, the juvenile argues that, because he was subject to a no-bond hold, § 19–2–509(4)(b), C.R.S.2003, applies and that the speedy trial period began to run on July 25, 2002, when the no-bond hold was issued. We are not persuaded.

Resolution of defendant's contention requires us to determine which of two speedy trial statutes governs the calculation of the speedy trial period applicable here—§ 19–2–508(3)(a)(IV)(D) or § 19–2–509(4)(b).

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Martin v. People,* 27 P.3d 846 (Colo.2001); *People in Interest of J.M.N.,* 39 P.3d 1261 (Colo.App. 2001). In determining legislative intent, a reviewing court should look to the language of the statute, giving effect to words and phrases according to their plain and ordinary meaning. *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986). When the statutory language is clear and unambiguous, it must be interpreted as written, without resort to other principles of statutory construction. *People v. J.J.H.,* 17 P.3d 159 (Colo.2001); *People v. Zapotocky,* 869 P.2d 1234 (Colo. 1994). If a statute potentially conflicts with another statute, a court must attempt to harmonize them to effectuate their purposes. *People v. Hampton,* 876 P.2d 1236, 1240 (Colo.1994).

Section 19–2–509(4)(b) provides in relevant part:

Any juvenile who is held without bail or whose bail or bail bond is revoked or increased under an order entered at any time after the initial detention hearing pursuant to subsection (3) of this section *and who remains in custody or detention,* must be tried on the charges on which the bail is denied or the bail or bail bond is revoked or increased within sixty days after the entry of such order or within sixty

days after the juvenile's entry of a plea, whichever date is earlier....

(Emphasis added.)

Section 19–2–508(3)(a)(IV)(D) provides that when the trial court determines at the initial detention hearing that the juvenile should be detained without bail, he must be tried on the charges "within the time limit set forth in § 19–2–108," C.R.S.2003. Section 19–2–108(2)(d), C.R.S.2003, by reference to § 19–2–708(1), C.R.S.2003, provides that, unless the juvenile requests a jury trial, the court must hold an adjudicatory trial within sixty days following the entry of a not guilty plea.

Here, the juvenile was held without bail pursuant to an order issued at the initial detention hearing. The juvenile court vacated the no-bond hold ten days after the preliminary hearing and released him on the charges in this case. We recognize that the juvenile remained in custody as a result of the sentence imposed following his delinquency adjudication in another case. However, his continued detention in DYC was not attributable to the charges pending in this case. *Cf.* § 18–1.3–405, C.R.S.2003 (to be entitled to presentence confinement credit, the confinement must be as a result of the offense for which the defendant is to be sentenced); *People v. Hoecher*, 822 P.2d 8 (Colo.1991)(to obtain presentence confinement credit, the defendant must demonstrate that there is a substantial nexus between the charge or conduct for which he or she is to be sentenced and the period of presentence confinement for which credit is sought); *People v. Fitzgerald*, 973 P.2d 708 (Colo.App. 1998)(same).

To hold that the juvenile's right to a speedy trial was violated here, we would have to conclude that if the juvenile court denies bail or issues a no-bond hold at any time during the proceedings, § 19–2–509(4)(b) applies, even if bail is subsequently granted or the no-bond hold is vacated and the juvenile is no longer being detained on the present charges. However, § 19–2–509(4)(b) expressly provides that it only applies to a "juvenile who remains in custody or detention" during the pendency of the proceedings.

The speedy trial period set forth in § 19–2–509(4)(b) applied upon issuance of the no-bond hold and the juvenile court properly recalculated the speedy trial period pursuant to § 19–2–508(3)(a)(IV)(D) when it vacated the no-bond hold. The court thus correctly concluded that the speedy trial period began to run on August 20, 2002, when the juvenile entered his not guilty plea, and expired sixty days later. Because the adjudicatory trial was held within sixty days, the court did not violate the juvenile's statutory right to a speedy trial.

We reject the juvenile's claim that the court vacated the no-bond hold in an effort to manipulate the speedy trial deadline. The court vacated the no-bond hold because of its concern that the juvenile's continued detention in this case jeopardized his treatment in DYC in the other case. Had the juvenile been released home rather than remaining in custody on his adjudication in the other case, the purpose behind the expedited speedy trial statute would have been satisfied. Because evidence in the record supports the court's determination, there is no basis for concluding that it sought to avoid the stricter speedy trial requirements of § 19–2–509(4)(b).

We decline to consider the juvenile's claim that his constitutional right to a speedy trial was violated. The juvenile did not raise this claim in the juvenile court and did not assert any basis for concluding that his constitutional right was violated, other than the alleged statutory violation. *See People v. Cass*, 68 P.3d 537 (Colo.App.2002)(declining to consider alleged violation of defendant's constitutional right to a speedy trial where he did not raise the issue at trial); *People v. Scialabba*, 55 P.3d 207 (Colo.App.2002)(by basing his speedy trial objections in the trial court solely on his statutory right, defendant waived his claim that his constitutional right was violated).

The judgment is affirmed.

Judge CASEBOLT and Judge ROY concur.