## No. 80SA126

**Jose Ricardo Sanchez v. The District Court in and for the County of Pueblo, State of Colorado, and the Honorable Jack Seavy, District Judge**

(612 P.2d 519)

Decided June 2, 1980.                                    Rehearing denied June 23, 1980.

Dale P. Tursi, for petitioner.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.


In this original proceeding, the petitioner argues that the six-month speedy trial period imposed by section 18-1-405, C.R.S. 1973 (1978 Repl. Vol. 8) has expired and the charge against him should be dismissed. We issued a rule to show cause why the relief requested by the petitioner should not be granted and now make the rule absolute.

The petitioner pled not guilty on January 11, 1979 to two counts of vehicular homicide, and trial was set for May 22, 1979. At the petitioner's request the trial was reset for July 31, 1979. On July 16, 1979, the petitioner again moved to vacate the trial date and also moved to enter a plea of not guilty by reason of insanity. The district court granted these motions and ordered the petitioner to be examined at the Colorado State Hospital. Thirty-five days later, the district court received the psychiatric report. A November 26, 1979 hearing for purposes of setting the sanity trial date was continued seven days until December 3, 1979, at the request of the petitioner. At the December 3, 1979 hearing, the petitioner withdrew his insanity plea, but continued his not guilty plea. Trial was finally set for March 4, 1980. Immediately prior to trial, petitioner moved to dismiss for failure to comply with the speedy trial statute. The district court denied the motion, and petitioner instituted this action.

■ The People in answer to the rule to show cause argue that a new six-month period commenced as of December 3, 1979, the date the petitioner withdrew his insanity plea. The People cite *People v. Haines,* 37 Colo. App. 302, 549 P.2d 786 (1976) for the proposition that once a defendant has entered an insanity plea, the prosecution is provided six months to commence trial of the insanity issue, and after the defendant has been found sane, then has an additional six-month period to commence the trial of the merits of the case. The People argue that the first six-month period for trial of the sanity issue had not yet run by December 3, 1979, and therefore withdrawal of the insanity plea, in resolving the question of the petitioner's sanity, simply commenced the running of the second six-month period for trial of the case in chief. We disagree.[1]

---

[1] We are cognizant of the People's concern that a defendant might strategically wait until the speedy trial period had nearly expired and then withdraw his insanity plea. Section 18-1-405(6)(g)(II) is an adequate safeguard, however. This section provides that a continuance may be granted to allow the prosecuting attorney in felony cases to prepare the state's case if such additional time is justified because of the exceptional circumstances of the case. The court must make specific findings with respect to the justification. In this event, a period of delay not exceeding six months is excluded from the computation of the speedy trial period. In the present case, the People did not request such a continuance.

■  Section 18-1-405(1) provides:

"Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed . . . ."

This provision is clear. A defendant must be brought to trial within six months from the date of the entry of a plea of not guilty, except as otherwise provided by section 18-1-405(6)(a).[2] This rule equally applies where a defendant pleads not guilty by reason of insanity.[3] *People v. Renfrow,* 193 Colo. 131, 564 P.2d 411 (1977).

■  We now turn to the question of the appropriate date from which to compute the six-month period, as well as the manner of calculating the six-month period in this case. On January 11, 1979, the petitioner pled not guilty to the offenses charged. It is from this date that the six-month period must initially be computed. Section 18-1-405(1). On May 15, 1979, the petitioner moved to vacate the May 22, 1979 trial date, and the case was reset for trial July 31, 1979. On July 16, 1979, the petitioner moved to vacate the trial date and requested a continuance. Consequently, a new six-month period began to run. Section 18-1-405(3). This six-month period expired on January 16, 1980. The 35-day period during which the psychiatric examination was conducted and report was prepared must be excluded from the six-month period. Section 18-1-405(6)(a). Petitioner concedes that seven additional days must also be added to this period as the petitioner requested the continuance of the trial setting scheduled for November 26, 1979. Section 18-1-405(6)(f). The final date before which the petitioner could be brought to trial was therefore February 27, 1980. The petitioner's motion to dismiss for failure to comply with the speedy trial statute filed immediately prior to the trial to have been commenced March 4, 1980, should therefore have been granted.

The rule to show cause is accordingly made absolute.

■

---

[2] "In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

(a) Any period during which the defendant is incompetent to stand trial, or is unable to appear by reason of illness or physical disability, or is under observation or examination pursuant to a plea of not guilty by reason of insanity. . . ."

[3] A plea of not guilty by reason of insanity includes a not guilty plea. Crim. P. 11(e)(1).