The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Michael Wayne DEASON,
Defendant-Appellee.

No. 81SA370.

Supreme Court of Colorado,
En Banc.

Oct. 17, 1983.

Terrance A. Gillespie, John E. Byron, Deputy Dist. Attys., Golden, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellee.

QUINN, Justice.

In this case the People appeal[1] from a judgment of dismissal entered pursuant to the speedy trial statute, section 18–1–405(1), C.R.S.1973 (1978 Repl.Vol. 8).[2] The district court dismissed multiple criminal charges pending against the defendant, Michael Wayne Deason, because, although timely brought to trial on the issue of his sanity, he was not tried on the issue of guilt within the statutory speedy trial period. We affirm the judgment of dismissal.

## I.

On October 6, 1980, the defendant was arrested by Wheat Ridge police officers and charged by information with first degree burglary,[3] attempted first degree murder,[4] two counts of first degree assault,[5] and aggravated robbery.[6] A preliminary hearing was held on December 17, 1980, and probable cause was found on each count.[7] Immediately after the preliminary hearing the defendant was arraigned and entered a plea of not guilty by reason of insanity. The court appointed a psychiatrist to examine the defendant, and the psychiatric report of the examination was filed on Janu-

ary 27, 1980. The case was then continued at the defendant's request to February 2, 1981, for a trial setting.

At the trial setting defense counsel requested the court to set a date for both the sanity trial and the trial on the merits. Noting that a trial on the issue of guilt would be unnecessary in the event the defendant was found insane, the court refused to set both trials and instead set the sanity trial for April 30, 1981. On May 6, 1981, the jury found the defendant sane, whereupon the court set the trial on the issue of guilt for August 25, 1981.[8]

On August 11, 1981, the defendant filed a motion to dismiss the pending charges for violation of his statutory right to a speedy trial. The defendant's motion was argued on August 19, 1981. The defendant claimed that, after excluding the delay resulting from the psychiatric examination incident to his insanity plea and the brief continuance of the trial setting from January 27 to February 2, 1981, the six month speedy trial term expired on August 2, 1981. The prosecution contested the motion, arguing that the defendant's entry of an insanity plea

1. Section 16–12–102, C.R.S.1973 (1978 Repl. Vol. 8), authorizes the prosecution to "appeal any decision of the trial court in a criminal case upon any question of law." C.A.R. 4(b) provides that "[a]ll such appeals shall be filed in the Supreme Court."

2. Crim.P. 48(b) is the procedural counterpart to the speedy trial statute and is virtually identical to section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8). Consequently, although we confine our discussion to the statute, the resolution of the speedy trial issue is the same whether the analysis proceeds from the statute or the rule.

3. Section 18–4–202, C.R.S.1973 (1978 Repl.Vol. 8).

4. Sections 18–2–101 and 18–3–102(1)(a), C.R.S. 1973 (1978 Repl.Vol. 8).

5. Section 18–3–202, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.).

6. Section 18–4–302(1), C.R.S.1973 (1978 Repl. Vol. 8). In addition, the People alleged that all five counts in the information constituted crimes of violence requiring a mandatory sen-

tence under section 16–11–309, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.).

7. The record discloses that on October 7, 1980, the Jefferson County Court, pursuant to section 16–8–111, C.R.S.1973 (1978 Repl.Vol. 8), ordered the defendant to undergo a competency evaluation at the State Hospital in Pueblo, Colorado. Since no subsequent competency proceedings are reflected in the record, we must presume that the defendant was found competent to proceed prior to the preliminary hearing of December 17, 1980, at which the court found probable cause on all counts.

8. Between May 6 and July 13, 1981, the court heard several motions including the defendant's motion for a new trial on the issue of sanity, a motion to suppress evidence, motions for appointment of defense experts, motions for transcripts of testimony at state expense, and a motion for free dental care. The record as filed does not suggest any effort on the part of the prosecution or the defense to apprise the court of any speedy trial problems with the scheduled trial date of August 25, 1981. Nor does the record show that the defendant took any action during this period of time which resulted in a delay of the scheduled trial.

and his subsequent trial on that issue extended the speedy trial period an additional six months from the date of the sanity trial. The district court concluded that the speedy trial statute mandated a trial on the merits within six months from the date of arraignment and consequently dismissed the charges. This appeal followed.

The People contend that in the case of an insanity plea the speedy trial statute requires only that an accused be brought to trial on the sanity issue within six months from the plea and, further, that the statute allows the prosecution an additional six months from the sanity verdict within which to try the defendant on the issue of guilt. We reject the People's argument.

## II.

Section 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8), and our decisions construing this statute provide the foundation for our resolution of this matter. Subsection (1) of the statute provides as follows:

9. The full text of section 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.), is as follows:

"(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

"(2) If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.

"(3) If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for trial, the period within which the trial shall be had is extended for an additional six months' period from the date upon which the continuance was granted.

"(4) If a trial date has been fixed by the court, and thereafter the prosecuting attorney requests and is granted a continuance, the time is not thereby extended within which the trial shall be had, as is provided in subsection (1) of this section, unless the de-

"Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode."

As pertinent here, the only exceptions "otherwise provided in this section" relate to the "period during which the defendant ... is under observation or examination pursuant to a plea of not guilty by reason of insanity," section 18–1–405(6)(a), C.R.S.1973 (1978 Repl.Vol. 8), and any period of delay "caused at the instance of the defendant," section 18–1–405(6)(f), C.R.S.1973 (1978 Repl.Vol. 8).[9]

fendant in person or by his counsel in open court of record expressly agrees to the continuance. The time for trial, in the event of such agreement, is then extended by the number of days intervening between the granting of such continuance and the date to which trial is continued.

"(5) To be entitled to a dismissal under subsection (1) of this section, the defendant must move for dismissal prior to the commencement of his trial or the entry of a plea of guilty to the charge or an included offense. Failure to so move is a waiver of the defendant's rights under this section.

"(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

"(a) Any period during which the defendant is incompetent to stand trial, or is unable to appear by reason of illness or physical disability, or is under observation or examination pursuant to a plea of not guilty by reason of insanity;

"(b) The period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution;

"(c) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance;

"(d) The period of delay resulting from the voluntary absence or unavailability of the

## A.

The speedy trial statute is intended to implement the constitutional right to a speedy trial by requiring dismissal of the case whenever the defendant is not tried within the six month period and the delay does not qualify for one of the express exclusionary categories set out in the statute.[10] *E.g., People v. Bell,* 669 P.2d 1381 (Colo.1983); *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977); *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975). The six month term begins to run "from the date of the entry of a plea of not guilty...." Section 18–1–405(1), C.R.S. 1973 (1978 Repl.Vol. 8). By both statute and rule a plea of not guilty by reason of insanity expressly includes a plea of not guilty. Section 16–8–103(1), C.R.S.1973 (1978 Repl.Vol. 8); Crim.P. 11(e). A defendant is under no obligation to take affirmative action to notify the court of a speedy trial problem under the statute; on the contrary, it is the obligation of the court and the prosecution "to cause the case to be brought to trial within the time limits set out in Crim.P. 48(b) and section 18–1–405, C.R.S.1973." *People v. Colantonio,* 196 Colo. 242, 244, 583 P.2d 919, 921 (1978). *Accord People v. Bell, supra; People v. Peek,* 199 Colo. 3, 604 P.2d 23 (1979) (per curiam).

## B.

Relying on *People v. Haines,* 37 Colo.App. 302, 549 P.2d 786 (1976), the People claim that the commencement of the sanity trial on April 30, 1981, satisfied the statutory mandate that the accused be "brought to trial on the issues raised by the ... information ... within six months from the date of the entry of a plea of not guilty...." Section 18–1–405(1), C.R.S. 1973 (1978 Repl.Vol. 8). In *Haines* the court of appeals held that "when the defendant pleads 'not guilty by reason of insanity' and is thus entitled to a separate trial on the sanity issue, he must be brought to trial on that issue within six months from the date of entry of the plea," and that once a sanity finding is returned, the defendant "must then be brought to trial on the other issues of the crime charged within the statutory six months from the judgment in the sanity trial." 37 Colo.App. at 305, 549 P.2d at 789. We reject the holding of *Haines* for several reasons.

Proceeding from the assumption that a sanity trial involves a determination of the mental culpability essential to guilt, *Haines* concluded that a sanity trial is a trial on the "issues raised by the ... information" within the intendment of the speedy trial statute. The basic proposition

---

defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial;

(e) The period of delay caused by any mistrial, not to exceed three months for each mistrial;

(f) The period of any delay caused at the instance of the defendant;

(g) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:

(I) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date; or

(II) The continuance is granted to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because of exceptional circumstances of the case and the court enters specific findings with respect to the justification."

10. The speedy trial provisions of the Colorado Constitution, *Colo. Const.* Art. II, Sec. 16, parallel the speedy trial guarantee of the Sixth Amendment to the United States Constitution. Among the interests underlying the guarantee of a speedy trial are the defendant's right to be free from the anxiety accompanying a public accusation and society's need for a speedy and final determination of criminal charges. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971). We resolve this case on statutory grounds only and do not address the constitutional right to a speedy trial.

assumed in *Haines,* however, misconstrues the nature and effect of a sanity proceeding. The Colorado Criminal Code provides that "[a] person who is insane ... is not responsible for his conduct defined as criminal." Section 18–1–802, C.R.S.1973 (1978 Repl.Vol. 8). The plea of insanity thus raises the discrete issue whether at the time of the offense the defendant's mental state was such that he should be held legally accountable for his conduct. *People v. Morgan,* 637 P.2d 338 (Colo.1981). The sanity trial, which is a separate proceeding conducted prior to a trial on guilt, section 16–8–104, C.R.S.1973 (1978 Repl.Vol. 8), resolves this question of mental capacity and nothing more.[11] *See People v. Renfrow,* 193 Colo. 131, 564 P.2d 411 (1977); *People v. King,* 181 Colo. 439, 510 P.2d 333 (1973). While the prosecution bears the burden in a sanity trial of proving the defendant's sanity beyond a reasonable doubt, *People v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968), proof of legal sanity is not "a proxy for *mens rea." Hendershott v. People,* 653 P.2d 385, 394 (Colo.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1232, 75 L.Ed.2d 466 (1983). In our view the phrase "brought to trial on the issues raised by the ... infor-

mation," as used in the speedy trial statute, refers to a trial which resolves the ultimate guilt or innocence of the accused as to the charges filed against him. A finding of legal sanity in a sanity trial no more resolves "the issues raised by the ... information" than does a general plea of not guilty when sanity has not been placed in issue. *See Hendershott v. People, supra.*[12]

■ Moreover, the very language of the speedy trial statute dispels any notion that the commencement of a sanity trial is the functional equivalent of a trial on the merits for purposes of satisfying the state's speedy trial obligation. The statutory terminology specifically addressing the insanity plea is found in subsection (6)(a), which states that "[a]ny period during which the defendant ... is under observation or examination pursuant to a plea of not guilty by reason of insanity" shall be excluded from the six month period established in subsection (1). We construed subsection (6)(a) in *People v. Renfrow, supra,* and held that the exclusionary period consists of "the period from the time of commitment until the filing of the final psychiatric report, if filed within a reasonable time."[13] *People*

---

**11.** Relying on *Leick v. People,* 136 Colo. 535, 322 P.2d 674 (1958), *cert. denied,* 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366 (1958), the People argue that the commencement of the sanity trial within the six month period satisfies the speedy trial statute because a sanity trial is merely a separate phase of the same trial. Although the court stated in *Leick* that a sanity trial is but a part of the "one trial" before different juries, 136 Colo. at 544, 322 P.2d at 679, it did so in the context of rejecting the defendant's claim that the trial court should have entered a judgment of sanity after the return of the sanity verdict in order to permit an appeal from that judgment before proceeding to trial on the merits. When viewed in its proper context, the reference in *Leick* to "one trial" refers to "one criminal prosecution" which, in the case of an insanity plea, requires separate trials before different juries and results in one and only one judgment of either acquittal or conviction. *See* sections 16–8–104 and 16–8–105, C.R.S.1973 (1978 Repl.Vol. 8).

**12.** Because a finding of insanity relieves the accused of criminal responsibility for his conduct, such an adjudication would obviously constitute an ultimate resolution of the "issues raised by the ... information." No further

trial is necessary after an acquittal by reason of insanity and the only possible speedy trial issue in such a case would be whether the sanity trial itself was held within the time constraints of section 18–1–405. This is not the situation here, however, where the defendant has been found legally sane and his guilt or innocence as to the "issues raised by the ... information" has never been resolved.

**13.** Section 16–8–106(1), C.R.S.1973 (1978 Repl. Vol. 8), which previously provided general authorization for the court to commit a defendant for a sanity examination, was amended in 1983 to provide for the entry of "an order ... specifying the place where such examination is to be conducted and the period of time allocated for such examination." Colo.Sess.Laws 1983, ch. 188, 16–8–106(1) at 674. Under this amendment, the court should enter the order specifying the place and time of the examination when the insanity plea is tendered and received. Because section 18–1–405(6)(a) excludes from the six month speedy trial term any period during which the defendant is under observation or examination pursuant to an insanity plea, the entry of the order pursuant to section 16–8–106(1), rather than the commitment itself,

*v. Renfrow,* 193 Colo. at 134, 564 P.2d at 413; *see also People v. Brown,* 44 Colo.App. 397, 622 P.2d 573 (1980). Subsection (6)(a) thus evinces a clear legislative choice to deal with the problem of delay resulting from a sanity trial by excluding from the six month term only that period of delay required for the sanity examination and the filing of a timely report with the court. Given this clear expression of legislative intent, it would be inappropriate for us to read some other meaning into the statute.

■ Finally, the *Haines* rationale was repudiated by this court in *Sanchez v. District Court,* 200 Colo. 33, 612 P.2d 519 (1980). In holding that the defendant's withdrawal of an insanity plea approximately four and one-half months after its entry did not commence a new six month speedy trial period, we relied upon the express provisions of section 18–1–405(1) and stated:

> "This provision is clear. A defendant must be brought to trial within six months from the date of the entry of a plea of not guilty, except as otherwise provided by section 18–1–405(6)(a). This rule equally applies where a defendant pleads not guilty by reason of insanity." 200 Colo. at 35, 612 P.2d at 520.[14]

### III.

■ In this case the six month speedy trial period commenced when the defendant was arraigned on December 17, 1980. In the absence of any justifiable delays, the six month term would have expired on June 17, 1980. However, since the defendant entered an insanity plea at his arraignment and the court thereupon appointed a psychiatrist to conduct a sanity examination, the

defendant was under observation or examination pursuant to his insanity plea from the date of his arraignment on December 17, 1980, until the psychiatric report was filed with the court on January 27, 1981. This period of forty-one days was therefore expressly excluded from the six month speedy trial term by virtue of section 18–1–405(6)(a). Upon filing of the psychiatric report with the court on January 27, 1981, the defendant requested a brief continuance until February 2, 1981, for a sanity trial setting. This six day delay was "caused at the instance of the defendant," section 18–1–405(6)(f), C.R.S.1973 (1978 Repl.Vol. 8), and also must be excluded from the statutory six month term. The effect of these exclusions, which total forty-seven days, was to extend the speedy trial deadline from June 17 to August 3, 1981. The record reflects that after February 2, 1981, when the sanity trial was set, the defendant did nothing to cause any delay in the proceedings nor did he at any time waive his right to a speedy trial. Since the six month speedy trial period expired on August 3, 1981, and since the defendant as of that date had not yet been "brought to trial on the issues raised by the ... information," the district court had no choice but to grant the defendant's motion to dismiss the case with prejudice.

The judgment is affirmed.

---

should be sufficient to trigger the exclusionary period, which, in view of the 1983 amendment to section 16–8–106(1), would cover the period from the entry of the order to the filing of a timely report with the court.

**14.** In *Sanchez* we noted that a defendant entering an insanity plea might strategically wait until the speedy trial period had nearly expired and then withdraw his insanity plea, leaving very little time within which to set a trial on the issue of guilt or innocence. We pointed out that section 18–1–405(6)(g)(II), C.R.S.1973 (1978 Repl.Vol. 8), which permits the court to

continue the case for a period of six months at the request of the prosecution because of exceptional circumstances, is adequate to safeguard against such a maneuver. 200 Colo. at 34 n. 1, 612 P.2d at 520 n. 1. We reaffirm our observations in *Sanchez.* Moreover, given the constraints of the speedy trial statute, we know of no reason why the district court should not, when it sets the sanity trial, also set another date for trial on the issue of guilt within the statutory speedy trial period in order to obviate the risk of dismissal.