[No. 5481.]
[No. 3151 C. A.]

## LA FITTE v. THE CITY OF FT. COLLINS.

1. **Appellate Practice—Questions Considered—Error in Other Cases.**

   In an action for violation of a city ordinance, on motion of defendant's attorney, after the case had been taken under advisement, an order was entered submitting two other cases against defendant for violation of other ordinances on the same evidence.   Held, that such order did not consolidate the cases for trial, and purposes of appeal, and, therefore, assignments of error pertaining to such two cases will not be considered on the appeal of the case tried.—P. 296.

2. **Appellate Practice—Record—Bill of Exceptions—Matters Reviewed.**

   Where a motion for change of venue and the affidavits in support thereof are not in the bill of exceptions, and no excep-

tion was saved to the ruling of the court on the motion, alleged error in denying the motion will not be considered on appeal.—P. 296.

3. **Appellate Practice—Insufficiency of Evidence—Exceptions in Record.**

An objection that the evidence is insufficient to support the judgment will not be considered on appeal where no exception to the judgment is included in the bill of exceptions, since exceptions are made part of the record only by bill of exceptions allowed, signed, and sealed by the judge who presided at the trial.—P. 296.

4. **Cities and Towns—Proceedings of Council—Ordinances—Evidence—Proof of Passage and Publication.**

In an action for violation of a city ordinance, the city clerk was sworn and produced the original record of the meeting of the council at which the ordinance was passed, which showed that the mayor and seven of the eight aldermen of the city were present at the meeting, and that on its final passage all the aldermen present voted aye, and that the mayor declared it adopted; and the editor of a newspaper was sworn and produced the files of the paper which showed that the ordinance was properly published. Held, that such evidence was competent to show the passage of the ordinance and its publication, notwithstanding Mills' Ann. Stats., § 4443, providing that the book of ordinances shall be prima facie evidence that the ordinances contained therein have been published, since the statute does not make such book the sole means of proving the passage and publication of an ordinance.—P. 297.

5. **Evidence—"Prima Facie Evidence."**

"Prima facie evidence" means evidence which is sufficient to establish a fact, unless rebutted — evidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced.—P. 298.

*Appeal from the County Court of Larimer County.*
*Hon. J. Mack Mills, Judge.*

Action by the city of Ft. Collins against Marie La Fitte. From a judgment in police court for plaintiff, and from a like judgment in the county court, defendant appeals. *Affirmed.*

Mr. J. H. Feeny, Mr. E. A. Ballard and Mr. C. M. Bice, for appellant.

Mr. CORNELIUS FERRIS, Jr., for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Three separate complaints were filed in the police magistrate's court of the city of Fort Collins, charging appellant with having violated three ordinances of the city, which are designated as Ordinance No. 17, 1889; Ordinance No. 14, 1902, and Ordinance No. 3, 1903.

Trials resulted in judgment against appellant upon the three complaints, from which judgments appeals were taken to the county court, where the appeals were docketed and numbered 2502, 2503 and 2504, respectively.

Trial was had to the court, a jury being expressly waived.

Preceding the introduction of evidence, by agreement of the parties, it was ordered by the court that each case be tried separately, and that case No. 2502 be tried first, being the case for the violation of Ordinance No. 17, 1889.

After the evidence had been introduced and the court had taken the case under advisement, the following appears in the record:

"And thereupon on motion of the attorney for defendant, it is ordered by the court that cases No. 2503 and 2504 be and they are hereby submitted to the court upon the evidence produced in case No. 2502."

Thereafter the court found the issues in favor of appellee, and rendered judgment against appellant in the sum of $200.00 and costs, in each case, and after denying the motion for a new trial entered an order allowing an appeal to the court of appeals, upon the filing of an appeal bond in the sum of $400.00.

Counsel for appellant says, in his printed brief, that the three cases were consolidated for trial and for the purposes of appeal. A thorough search of the record presented does not warrant this position.

The order made by the court on the motion of the attorney for defendant, appellant here, after the case on trial had been taken under advisement, amounts to nothing more than the submission of the other two cases upon the evidence introduced in the case which had been tried. There is nothing in the record touching this question, other than the order above quoted, so counsel is in error in assuming that the cases were consolidated for trial and purposes of appeal.

This conclusion eliminates from consideration all assignments of error urged by counsel pertaining to the two cases which are not in this court upon this appeal.

It is due counsel for appellant, who signs the brief filed in this court, to state that he did not try the case in the court below, nor did he prepare the transcript filed in this court.

It is urged (1) that the court erred in denying the motion for change of venue, based upon the alleged prejudice of the inhabitants of the county and of the judge of the county court; (2) that the evidence was insufficient to warrant the judgment rendered.

1. The motion for change of venue and the affidavits in support thereof are not within the bill of exceptions, and no exception was saved to the ruling of the court upon the motion, which are sufficient reasons for declining to consider this question.— *Duncan v. Thomas,* 17 Colo. App. 522, 524.

2. No exception was saved to the findings or judgment. Recitals in the record of an exception to the findings, and in the order allowing the appeal, of an exception to the judgment, are no evidence that exceptions were taken. Exceptions are made part of

the record only by bill of exceptions, allowed, signed and sealed by the judge who presided at the trial. —*Goldsmith v. Newhouse,* 19 Colo. App. 1, 4, and cases cited.

Hence we cannot consider the assignment of error challenging the sufficiency of the evidence to support the findings and judgment.

3. It is contended that there was a failure of competent proof of the passage and publication of Ordinance No. 17, 1889.

The clerk of the city, sworn as a witness for appellee, produced the original record of the minutes of the meeting of the city council of Fort Collins held June 4, 1889, which record was admitted in evidence, and showed that the mayor and seven of the eight aldermen of the city were present at the meeting; that Ordinance No. 17, 1889, was taken up, read and put upon its final passage; that the ayes and nays were called and the names of the seven aldermen present were recorded as voting aye, and the mayor declared the ordinance passed and adopted.— (Section 4445 Mills' Ann. Stats.)

The editor of the Fort Collins *Courier,* a newspaper published within the limits of the corporation, a witness sworn for appellee, produced the files of the *Courier* for 1889, which were introduced in evidence and showed that the ordinance in question was published in that paper June 6, 1889.

Counsel argues that section 4443, Mills' Ann. Stats., is mandatory as to the manner of proving the publication of an ordinance, and that the passage and publication of an ordinance can only be proved by the introduction in evidence of the book of ordinances therein provided for.

The last paragraph of the section completely refutes the argument of counsel. It is:

"The book of ordinances herein provided for

shall be taken and considered in all courts of this state as *prima facie* evidence that such ordinances have been published as provided by law.''

*Prima facie* evidence means evidence which is sufficient to establish the fact, unless rebutted; evidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced.—22 Am. & Eng. Enc. Law 1294.

The statute was intended to provide a convenient method of proving the fact, that an ordinance had been published as required by law, and not for the purpose of making the book of ordinances the only and exclusive evidence of such fact, as contended by counsel.

There was no error in the reception of the evidence introduced to prove the passage and publication of the ordinance.

This disposes of all the assignments of error available to appellant, with the result that the judgment must be affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.