## No. 11,079.

PIKE'S PEAK CONSOLIDATED FUEL CO. *v.* PUBLIC UTILITIES
COMMISSION, ET AL.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

### *On Motion to Dismiss.*

### *Motion Denied.*

1. APPEAL AND ERROR—*Appellate Practice.*   Three cases between the same parties, involving but one question, may be brought up on a single writ of review.

*Writ of Review to the Public Utilities Commission.*

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for petitioner.

Mr. J. L. RICE, Mr. J. Q. DIER, Mr. C. C. DORSEY, Mr. E. G. KNOWLES, for respondents.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

VARIOUS persons brought fourteen proceedings (Nos. 215-228), before the Public Utilities Commission, against three railway companies; each proceeding separate against one company.   Three of these proceedings, Nos. 219, 220, and 221, were brought by the petitioner above named.   The railway companies made separate motions below to dismiss in each case.   By agreement the motions were all made to depend on the decision of the commission in No. 215.   The commission sustained the motion to dismiss in the case of that number and ordered that if the complainant in that case did not take it to this court within a certain time a like decision should be entered in all fourteen cases; and this was finally done.   The motions to dismiss were all on the same ground and involved the same legal question.   No order of consolidation was entered. . The present petitioner thereupon brings the three cases in which it is interested

to this court for review, and the three railway companies, respondents below, move to dismiss on the ground that the three cases cannot be brought here by one writ of review.

They cite *Vance's Heirs v. Maroney,* 3 Colo. 293, and *La Fitte v. Fort Collins,* 42 Colo. 293, 93 Pac. 1098. In the former it was held that two matters ·from the probate court, one of which attacked a sale to pay debts, and the other the allowance of a claim against the estate, could not be considered here together, although the claimant and the purchaser at the sale were one and the same person. In the latter it was held that one appeal from three cases for the breach of three several ordinances of the city could not be taken to this court. In each of these appeals the several cases which appellant sought to combine in one appeal involved different questions, and there is some inconvenience in considering them together, though it is not so much so as is caused by the joinder of actions in tort and contract and equity, once regarded as impossible, but now sanctioned by the Code. In the present review, however, three cases involve but one question. No useful purpose can be conceived for bringing them here separately. If they were here severally we should doubtless consolidate them or at least hear them together. The expense and the labor for the court and clerks would be considerably increased. The respondent, the Public Utilities Commission, is the same and the petitioner is the same in each case. The matter is purely technical and we are asked to push the technicality farther than we have yet done. The motion is denied.

All the Justices concurring.