The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Fred L. AFENTUL, Defendant–Appellee.

No. 87SA334.

Supreme Court of Colorado, En Banc.

May 30, 1989.

**1082**

Barney Iuppa, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

No appearance for defendant-appellee.

QUINN, Chief Justice.

The People, pursuant to section 16–12–102(1), 8A C.R.S. (1986),[1] appeal from the district court's dismissal of a felony-theft charge to which the defendant, Fred L. Afentul, pled guilty and was placed on deferred sentencing but was financially unable to make full restitution to the theft-victims during the period of deferred sentencing. We affirm the judgment of dismissal.

The defendant was charged with felony-theft by taking money from several persons between May 1 and November 1, 1980, in El Paso County, Colorado. The district attorney and the defendant entered into a written stipulation for deferred sentencing. The stipulation authorized the entry of a guilty plea to the felony-theft charge and the deferral of the entry of a judgment of conviction and the imposition of sentence for a period of two years, during which period the defendant would be placed under the supervision of the probation department and would be required to make restitution in the amount of $14,252.39, payable at the rate of $200 per month to the probation department for disbursement to the theft-victims. The stipulation also provided as follows: that if the total amount of restitution was not paid by the end of the two-year period, the defendant could apply for an extension of the deferred judgment and sentence; that if the defendant complied with the conditions of the deferred judgment and sentence, he would be permitted to withdraw the guilty plea and the case would be dismissed; and that if the district attorney had probable cause to believe that the defendant violated the conditions of the deferred judgment and sentence, the district attorney could file a motion for the entry of a judgment of conviction and the imposition of sentence, whereupon the court, after giving proper notice to the defendant, would conduct an evidentiary hearing to determine whether a violation had occurred.

On January 15, 1982, the district court approved the stipulation, accepted the defendant's guilty plea to felony-theft, and deferred the entry of a judgment of conviction and the imposition of sentence for a period of two years. The court reduced the

---

1. Effective August 1, 1988, prosecutorial appeals on questions of law must now be filed in the court of appeals pursuant to C.A.R. 4(b)(2).

defendant's restitution obligation to $9,743.51, payable at the rate of $200 per month to the probation department, and authorized the defendant to leave Colorado and undergo probation supervision in Oklahoma. In November 1983 the court continued the two-year period of deferred sentencing due to the defendant's inability to complete the restitution payments.

On March 8, 1985, the district attorney filed an application for the entry of a judgment of conviction and the imposition of sentence because the defendant was behind in his restitution payments, having paid $4,780.94 with a balance due of $4,962.57. The court conducted an evidentiary hearing on July 10, 1987. At the hearing the prosecution established that the last restitution payment made by the defendant was on July 30, 1984. After the prosecution completed its case, the defendant testified on his own behalf. He stated that he had been working in the Oklahoma oil fields in 1984, but the fields shut down and he was unable to obtain permanent employment. The defendant testified that he went through a divorce in 1984 and was supporting his teenage daughter, who moved to Oklahoma with him. The evidence showed that defendant's gross income was $3,296 in 1984 and $5,400 in 1985, with all of his income being used for rent and food for himself and his daughter. He indicated that he was presently working on part-time construction jobs in Oklahoma.

The court, after hearing the evidence, ruled that the defendant did not have the financial ability to pay restitution in full and at the same time sustain himself and his teenage daughter. The court accordingly denied the prosecution's motion for the entry of a judgment of conviction and the imposition of sentence and, instead, permitted the defendant to withdraw his previously entered guilty plea and dismissed the felony-theft charge filed against him.

In appealing from the judgment of dismissal, the People argue that the defendant's inability to pay restitution is not a defense to a prosecutorial application for the entry of judgment and the imposition of sentence in a deferred sentencing proceeding and that, even if financial inability constitutes a defense, at the very least the deferred sentence should be vacated and the case set for trial on the original theft charge. We are unpersuaded by the People's argument.

Our resolution of this issue is governed by the statutory scheme for deferred sentencing. This statute was originally enacted in 1975, Ch. 164, sec. 1, § 16–7–403, 1975 Colo.Sess.Laws 611, and has undergone several changes between January 15, 1982, the date on which the court placed the defendant on deferred sentencing, and July 10, 1987, the date of the hearing on the district attorney's motion to enter a judgment of conviction and to impose sentence.[2] Those provisions which relate to the evidentiary significance of a defendant's failure to pay restitution, and which were in effect at the time of the hearing on the prosecutorial motion for the entry of judgment and the imposition of sentence, are central to the proper resolution of this case. The version of section 16–7–403, 8A C.R.S.

2. Effective July 1, 1983, section 16–7–403(2) was amended to provide that "[w]hen, as a condition of the deferred sentence, the court orders the defendant to make restitution and finds that he has the ability to pay, evidence of failure to pay the said restitution shall constitute prima facie evidence of a violation." Ch. 187, sec. 4, § 16–7–403, 1983 Colo.Sess.Laws 663, 664. In July 1985 subsection (1) of section 16–7–403 was also amended to provide for the extension of the deferred sentence for an additional one hundred eighty days if the failure to pay restitution is the sole condition which has not been fulfilled because of an inability to pay and the defendant has shown a future ability to pay. Ch. 135, sec. 8, § 16–7–403, 1985 Colo.Sess.Laws 615, 617. Effective July 1, 1987, the phrase "and finds that he has the ability to pay," which was added in 1983, was removed from subsection (2). Ch. 116, sec. 2, § 16–7–403, 1987 Colo. Sess.Laws 613, 614–15.

When the district court approved the stipulation for deferred sentencing on January 15, 1982, and deferred the entry of a judgment of conviction and imposition of sentence, section 16–7–403(1) provided for a two-year period of deferred sentencing for all types of offenses. § 16–7–403(1), 8 C.R.S. (1975 Supp.). On July 1, 1987, this provision was amended to provide for a four-year period of deferred sentencing for felony offenses. Ch. 116, sec. 2, § 16–7–403, 1987 Colo.Sess.Laws 613, 614.

(1986 & 1988 Supp.), in effect at the time of the hearing on July 10, 1987, stated as follows:

(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed four years from the date of entry of a plea to a felony or two years from the date of entry of a plea to a misdemeanor, or petty offense, or traffic offense for the purpose of entering judgment and sentence upon such plea of guilty; except that such period may be extended for an additional time up to one hundred eighty days if the failure to pay restitution is the sole condition of supervision which has not been fulfilled, because of inability to pay, and the defendant has shown a future ability to pay. During such time, the court may place the defendant under the supervision of the probation department.

(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney, in the course of plea discussion as provided in sections 16–7–301 and 16–7–302, is authorized to enter into a written stipulation, to be signed by the defendant, his attorney of record, and the district attorney, under which the defendant obligates himself to adhere to such stipulation. *The conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation.* In addition, the stipulation may require the defendant to perform community or charitable work service projects or make donations thereto. Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea. *When, as a condition of the deferred sentence, the court orders the defendant to make restitution, evidence of failure to pay the said restitution shall constitute prima facie evidence of a violation.* Whether a breach of condition has occurred shall be determined by the court without a jury upon application of the district attorney and upon notice of hearing thereon of not less than five days to the defendant or his attorney of record. Application for entry of judgment and imposition of sentence may be made by the district attorney at any time within the term of the deferred judgment or within thirty days thereafter. The burden of proof at such hearing shall be by a preponderance of the evidence, and the procedural safeguards required in a revocation of probation hearing shall apply.

(3) When a defendant signs a stipulation by which it is provided that judgment and sentence shall be deferred for a time certain, he thereby waives all rights to a speedy trial, as provided in section 18–1–405, C.R.S. (emphasis added).

 In our view, the text and structure of the statutory scheme for deferred sentencing evince a legislative intent to permit a defendant to establish financial inability to pay restitution as a defense to a charge of violating the restitution requirement of a deferred sentence. Section 16–7–403(2) states unequivocally that the defendant's failure to pay restitution "shall constitute prima facie evidence of a violation." The term "prima facie evidence," in this context, obviously means evidence which, if not rebutted or contradicted, will sustain the entry of a judgment of conviction and the imposition of sentence. *See generally People v. Anadale,* 674 P.2d 372, 373 n. 3 (Colo.1984); *In re Piercen's Estate,* 118 Colo. 264, 266, 195 P.2d 725, 726 (1948); *La Fitte v. City of Fort Collins,* 42 Colo. 293, 298, 93 P. 1098, 1099 (1908); *Black's Law Dictionary* 1071 (5th ed. 1979). Section 16–7–403(2), therefore, belies the notion that the legislature intended to prohibit a defendant from asserting his financial inability as a defense to a prosecutorial application for the entry of judgment

and the imposition of sentence based on the defendant's failure to satisfy the restitution requirement of a deferred sentence. Moreover, permitting a defendant to assert financial inability as a defense to an alleged breach of the restitution requirement of a deferred sentence finds support in the language of section 16–7–403(2), which states that the conditions in the stipulation for deferred sentencing "be similar in all respects to conditions permitted as part of probation." [3] Section 16–11–204.5(1), 8A C.R.S. (1986), requires as a condition of probation that the defendant make restitution to the victim of his conduct, and then states that "[t]he amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim, the ability of the defendant to pay, and the defendant's obligations to support his dependents and to meet other family obligations." [4] When the deferred sentencing provisions of section 16–7–403(2) are read in conjunction with the restitution conditions of probation in section 16–11–204.5(1), there can be no doubt that the General Assembly intended that a defendant's financial inability to pay restitution in full should be an appropriate factor for the court to consider in determining whether a defendant has violated the restitution requirement of a deferred sentence.

▆▆▆ We read section 16–7–403(2), therefore, as contemplating the following procedures in resolving a prosecutorial application for the entry of a judgment of conviction and the imposition of sentence based on the defendant's failure to make full restitution as part of a deferred sentencing proceeding. The prosecution has the burden of initially establishing that the defendant failed to pay the amount of restitution ordered by the court. Evidence of the defendant's failure to pay restitution

constitutes "prima facie evidence" that the defendant has violated the conditions of the deferred sentencing. When the prosecution presents this "prima facie evidence," the burden then shifts to the defendant to establish by a preponderance of the evidence that he was financially unable to make the payments at the time they should have been made. *See Strickland v. People*, 197 Colo. 488, 594 P.2d 578 (1979). If the court is satisfied by a preponderance of the evidence that the defendant was financially able to make restitution payments when due but failed to do so, the court is required to enter a judgment of conviction on the guilty plea and, after conducting a presentence hearing, to either sentence the defendant to a term of imprisonment or, in the court's discretion, to a term of probation if the defendant is otherwise eligible for probation. *See People v. Widhalm*, 642 P.2d 498 (Colo.1982). If, on the other hand, the court finds that the defendant has failed to make restitution payments and is further satisfied by a preponderance of the evidence that the defendant was financially unable to make such payments when they were due, the court may extend the period of the deferred sentence or, in the exercise of sound discretion, may permit the defendant to withdraw the guilty plea and dismiss the case. Contrary to the People's claim, when the court is satisfied that the defendant was financially unable to make restitution payments when they were due, there is nothing in section 16–7–403 which requires the court to rescind the deferred sentencing agreement and to set the matter for trial on the originally filed charges.

▆▆▆ In this case, there is adequate support in the record for the district court's determination that the defendant was financially unable to make restitution pay-

**3.** This provision has been part of the deferred sentencing statute since its original enactment in 1975. Ch. 164, sec. 1, § 16–7–403(2), 1975 Colo.Sess.Laws 611.

**4.** Section 16–11–204.5(1) was originally enacted in 1977. Ch. 216, sec. 6, § 16–11–204.5, 1977 Colo.Sess.Laws 861, 863–64. Although the statute has been amended in several respects since 1977, *see* Ch. 157, sec. 2, § 16–11–204.5(1), 1979

Colo.Sess.Laws 664; Ch. 139, sec. 1, § 16–11–204.5(1), 1985 Colo.Sess.Laws 628, there has been no change in the requirement that the court give consideration to the defendant's ability to pay restitution and his obligation to support dependents and to meet other family obligations in fixing the amount of restitution.

ments when such payments were due and still provide necessary food and shelter for his teenage daughter and himself. Since the defendant had been under deferred sentencing for a period in excess of the statutory maximum authorized by section 16–7–403(1),[5] we cannot say that the district court abused its discretion in ordering the withdrawal of the guilty plea and the dismissal of the charges on which the deferred sentence was based.

We accordingly affirm the judgment of dismissal.

---

**5.** When the district court placed the defendant under deferred sentencing on January 15, 1982, section 16–7–403(1) authorized a two-year period of deferment. Ch. 164, sec. 1, § 16–7–403, 1975 Colo.Sess.Laws 611. At the time of the hearing on July 10, 1987, section 16–7–403(1) authorized a four-year period of deferment, with a possible 180–day extension. Ch. 116, sec. 2, § 16–7–403, 1987 Colo.Sess.Laws 613, 614. While an argument can be made that the two-year period should apply to this case, since that was the period authorized by statute and imposed by the court when the defendant was placed under deferred sentencing, we need not decide that question here. Under either version of the statute, the maximum period of deferment had already passed prior to the hearing on July 10, 1987.