The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Anthony F. McPHERSON,
Defendant–Appellant.

No. 93CA1177.

Colorado Court of Appeals,
Div. I.

May 18, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Susan J. Schneider, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Faith Legal Services, D. Dale Sadler, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Anthony Francis McPherson, appeals a judgment revoking a deferred judgment and imposing a two-year sentence. We affirm, but remand the cause for correction of the mittimus.

The defendant was charged with theft of $300 or more, a class 4 felony, pursuant to § 18–4–401(1)(a), C.R.S. (1986 Repl.Vol. 8B). Pursuant to a Joint Motion for Deferred Judgment and Sentence, defendant entered a plea of guilty, and, on December 6, 1991, the court granted a deferred judgment for a

period of two years. This motion was signed by the district attorney and the attorney for the defendant, but not by the defendant. Conditions of the deferred judgment required defendant to contact his probation officer and to pay restitution and supervision fees on a monthly basis.

In July of 1992, the district attorney filed an application to revoke the deferred judgment, claiming that the defendant had violated the conditions of the deferred judgment by not maintaining contact with his probation officer and by not making payments as required.

Defendant's probation officer testified at the revocation hearing that defendant had not contacted him or made any payments since March of 1992. Based on this testimony, the court found that defendant had violated the conditions of the deferred judgment and on April 8, 1993, ordered the deferred judgment to be revoked, entered a judgment of conviction on the guilty plea, and sentenced defendant to two years in prison. This appeal followed.

## I.

Relying on § 16–7–403, C.R.S. (1994 Cum. Supp.), defendant contends that the trial court lacked statutory authority to grant a deferred judgment, to revoke it, or to impose a sentence in connection therewith because he had not signed the joint motion. We do not agree.

Section 16–7–403 provides that:

(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed two years from the date of entry of such plea for the purpose of entering judgment and sentence upon such plea of guilty....

(2) Prior to the entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney in the course of plea discussion ... is authorized to enter into a written stipulation to be signed by the defendant, the defendant's attorney of record, and the district attorney, under which the defendant is obligated to adhere to such stipulation.

Just as probation is a privilege, not a right, *see People v. Ickler,* 877 P.2d 863 (Colo.1994), so too is deferred sentencing a privilege. It is the defendant who is the primary beneficiary of a procedure which ultimately may result in the dismissal of the charges against him. *See People v. Ybarra,* 190 Colo. 409, 547 P.2d 925 (1976).

In *Ybarra,* the court was dealing with a deferred prosecution, as distinguished from the deferred sentencing involved here. Nevertheless, that case is instructive. There, the trial court approved a deferred prosecution based on an application made by the defendant. The defendant's attorney stated on the record: "[W]e will tender a written waiver of right to speedy trial, too." Such waiver was not filed. A condition of the deferred prosecution was that defendant make restitution. A year later, when the district attorney became aware that restitution payments had not been made, he attempted to proceed with prosecution of the case. Ybarra moved for dismissal because the statute required that, when a defendant consents to a deferred prosecution, "the defendant shall execute a written waiver" of his right to speedy trial. The trial court agreed with defendant and dismissed the charges.

The supreme court reversed, holding that defendant's failure to execute a written waiver as required in the deferred prosecution statute should not inure to her benefit. *People v. Ybarra, supra.*

Similarly, here, when he was given a deferred judgment, the defendant received the benefit of liberty, subject to certain imposed conditions. *See People v. Ledford,* 173 Colo. 194, 477 P.2d 374 (1970). Defendant did not object to a grant of a deferred judgment or to any of its terms and conditions until revocation. Instead, he signed a form during an interview with his probation officer on January 15, 1992, consenting to the deferred judgment and its terms and conditions. Initially, defendant complied with the terms and conditions of the deferred judg-

ment, *i.e.*, he made a restitution payment in March 1992.

Under these factual circumstances, we hold that defendant cannot now use his failure to sign the joint motion for deferred judgment as a means to render the deferred judgment void. *See People v. Ybarra, supra.*

Defendant's reliance on *People v. Appelhanz,* 738 P.2d 1182 (Colo.1987) is misplaced. There, over the objection of the district attorney, the trial court entered a deferred judgment. The supreme court reversed, holding that: "[W]here either of the parties object, the court does not have the power to enter the deferred sentence and judgment." *People v. Appelhanz, supra,* at 1184. In this case, not only does the record show no objection by the defendant, but it demonstrates consent by all the parties.

## II.

We also reject defendant's assertion that the district attorney violated his right to speedy disposition by not proceeding with revocation of the deferred judgment in a timely manner.

■ Defendant first contends that § 16–14–104, C.R.S. (1986 Repl.Vol. 8A) required the deferred judgment revocation proceeding to be tried within ninety days of the issuance of the July 2, 1992, warrant for his arrest. We agree with the trial court's ruling that § 16–14–104 was inapplicable.

Section 16–14–104 applies only when the defendant "is in the custody of the department of corrections." *See* § 16–14–102(1), C.R.S. (1986 Repl.Vol. 8A). At the time of defendant's request for speedy disposition, he was incarcerated in a county jail in Mississippi and, thus, was not in the custody of the department of corrections.

■ Further, because defendant's deferred sentence was not revoked at the time of the request, he was not imprisoned as contemplated by § 16–14–102(1). Therefore, he was not entitled to have the charges against him tried within 90 days. *See People v. Ybarra,* 652 P.2d 182 (Colo.App.1982).

■ Contrary to defendant's assertion, an outstanding arrest warrant is not an "indict-ment, information, or criminal complaint" which triggers the application of § 16–14–104. *See People v. Gonzales,* 679 P.2d 1085 (Colo.1984).

■ A defendant may waive his speedy trial rights by freely acquiescing in a trial date beyond the ninety-day period provided by § 16–14–104. *Martin v. People,* 738 P.2d 789 (Colo.1987).

■ Here, defendant moved for and received a continuance of the revocation proceeding and did not object when the district attorney agreed to the continuance subject to a waiver of the request for speedy disposition. Accordingly, we conclude that the defendant waived his right to object to a violation of § 16–14–104.

■ Defendant also claims that the district attorney unreasonably delayed taking him before the nearest judge of a court of record and, therefore, violated the provisions of § 16–11–205(3), C.R.S. (1986 Repl.Vol. 8A). This section, however, is inapplicable here because it applies only to warrantless arrests by a probation officer.

## III.

Defendant argues that the trial court erred in not advising him properly and in a timely manner of the charges against him and the possible penalties as required by § 16–11–206(2), C.R.S. (1986 Repl.Vol. 8A). Defendant also contends that the district attorney's "Application for the Entry of Judgment and Imposition of Sentence Upon Breach of Deferred Sentence Conditions" did not meet the requirements of § 16–11–205(5), C.R.S. (1986 Repl.Vol. 8A). We disagree with both contentions.

■ Prior to the commencement of the revocation hearing, the defendant was advised, as required by § 16–11–206(2), of the charges against him and the possible penalties therefor and he pled not guilty. No more is required.

■ The "Application for the Entry of Judgment and Imposition of Sentence Upon Breach of Deferred Sentence Conditions" identified the violation charged, the condition

of probation alleged to have been violated, the date and location of the alleged violation, and the possible penalties resulting from the charge. As such, the document met the requirements of § 16–11–205(5).

In *People v. Boykin,* 631 P.2d 1149, 1152 (Colo.App.1981), a division of this court held:

Persons alleged to have violated a condition of deferred sentence are not entitled to the full panoply of constitutional rights accorded persons who have not admitted guilt to criminal conduct. Nevertheless, consistent with principles of due process, such persons must at a minimum be given adequate notice of the charges against which they must defend.

Here, the application filed by the district attorney and the statements made by the court satisfied the standard set forth in *Boykin.*

### IV.

Defendant contends that evidence presented at the revocation hearing was insufficient to prove that he violated a condition of his deferred judgment by failing to make payments as required because the district attorney presented no evidence of defendant's ability to pay. We disagree.

■ On application for entry of judgment of conviction and imposition of sentence based on defendant's failure to make full restitution as part of a deferred sentencing proceeding, the prosecution has the burden of initially establishing that defendant failed to pay the amount of restitution ordered by the court. *People v. Afentul,* 773 P.2d 1081 (Colo.1989); *see* § 16–7–403(2), C.R.S. (1994 Cum.Supp.). The burden then shifts to the defendant to prove, by a preponderance of the evidence, his financial inability to pay. *People v. Afentul, supra.*

■ Evidence of the defendant's failure to pay restitution constitutes "prima facie evidence" that defendant has violated the conditions of his deferred sentencing which, "if not rebutted or contradicted, will sustain the entry of a judgment of conviction and the imposition of sentence." *People v. Afentul, supra,* at 1084; *see* § 16–7–403(2), C.R.S. (1994 Cum.Supp.).

■ At the revocation hearing, defendant's probation officer testified that defendant had made only one payment since the inception of the payment plan. Defendant did not rebut this testimony and he presented no evidence of financial inability to pay.

Accordingly, the district attorney presented unrebutted prima facie evidence that defendant violated the conditions of the deferred judgment sufficient to sustain entry of judgment and imposition of sentence.

### V.

Defendant also argues that the trial court erred by not awarding him the appropriate amount of presentence confinement credit. Remand is necessary for resolution of this issue.

The court stated in the sentencing hearing that it would credit defendant "for all time served" as required by § 16–11–306, C.R.S. (1994 Cum.Supp.). The record on appeal contains the original Judgment of Conviction, Sentence and Order to Sheriff with a blank space for credit for time served. The record contains no other document or order which specifies the amount of presentence confinement credit awarded to defendant by the court.

Hence, because we cannot resolve this issue based on the record before us, we remand the cause to the trial court to determine the number of days of presentence confinement credit to which defendant is entitled and to correct the mittimus.

Defendant's other contentions, that he was deprived of due process because he did not have notice and did not consent to the terms and conditions of the deferred judgment and that the trial court failed to consider evidence of his mental health status, find no factual support in the record.

The judgment is affirmed, and the cause is remanded to the trial court with directions to determine the amount of presentence confinement credit to which defendant is entitled and to correct the mittimus to reflect that credit.

MARQUEZ and CASEBOLT, JJ., concur.